EDITH E. TINKER, Appellant, *v.* THE METROPOLITAN ELEVATED RAILWAY COMPANY and Another, Respondents.

*What description of real estate carries title to the center of a street.*

A deed conveying real estate contained the following description:

"All that certain lot, piece or parcel of land situate, lying and being on the northerly side of Murray street, in the third ward of the city of New York, being part of the land heretofore belonging to the rector and inhabitants of the City of New York, commonly called the Church Farm, and distinguished on a map or chart thereof by the number 380, being the eastern part of said lot and bounded as follows: Southerly in front by Murray street, westerly by the premises heretofore conveyed by Jonathan Sturgis and Mary P., his wife, to Francis W. Hutchins, northerly in the rear by lot No. 381, containing in breadth in front and rear 22 feet and in length on each side 100 feet, being the same premises now known by the street number 43 Murray street."

*Held,* that such description carried title to the center of the street upon which the real estate conveyed abutted.

APPEAL by the plaintiff, Edith E. Tinker, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 27th day of May, 1894, upon the report of a referee dismissing the plaintiff's complaint upon the merits.

*H. A. Forster*, for the appellant.

*G. T. Aldrich*, for the respondents.

Van Brunt, P. J. :

This is one of the class of actions with which the court has become somewhat familiar, brought to recover damages because of the construction of the elevated railway in front of and upon the plaintiffs' property, and the appropriation of the easements appurtenant thereto.

Without considering the many points which have been raised by the appellant, and which are claimed to be fatal to the judgment herein, it will only be necessary to call attention to one radical error which has pervaded such judgment, which not only may have worked, but probably did work, great disadvantage to the plaintiff in the consideration of her claim for damages because of the rights appropriated by the defendants in the construction of their railroad.

The plaintiff claimed in her complaint that she was the owner of the fee to the center of the street. She requested the referee to find this fact, which was refused. This claim was based upon the description of the premises contained in the deed through which the plaintiff derived title. It is as follows : " All that certain lot, piece or parcel of land situate, lying and being on the northerly side of Murray street, in the third ward of the city of New York, being part of the land heretofore belonging to the rector and inhabitants of the City of New York, commonly called the Church Farm, and distinguished on a map or chart thereof by the number 380, being the eastern part of said lot, and bounded as follows : Southerly in front by Murray street, westerly by the premises heretofore conveyed by Jonathan Sturgis and Mary P., his wife, to Francis W. Hutchins, northerly in the rear by lot No. 381, containing in breadth in front and rear 22 feet and in length on each side 100 feet, being the same premises now known by the street number 43 Murray street."

That such a description carries the fee to the center of the street has been too long the settled law of this State to need the citation of authority. The referee, therefore, erred in refusing to find this fact.

The judgment appealed from must be reversed and a new trial granted, with costs to the appellant to abide the event, and the order of reference vacated.

Parker, J., concurred.

FOLLETT, J. :

I do not think that the reason assigned is sufficient to reverse the judgment. It is true that the referee refused to find as a fact that the plaintiff owned the fee of Murray street to the center thereof, but it may be that his refusal was upon the ground that he had already found this fact, as he had in effect. See the fourth finding of the facts found, page 30, wherein he sets forth a copy of the description of the plaintiff's deed, from which it appears that the plaintiff owned the fee to the center line of the street. He finds that the plaintiff is now seized in fee and possessed of all of the premises embraced within that description. This seems to me to cover the point, and that it was not error for him to refuse to find the fact upon the request of the plaintiff.