SPENCE v. HAM.

(Supreme Court, Appellate Division, Third Department. March 2, 1898.)

1. CONTRACT—NONPERFORMANCE—RECOVERY OF CONTRACT PRICE.

Failure to comply with the specifications of a building contract, where some of the deviations and omissions reduce the strength and solidity of the building, and others relate to matters of style and finish, inferior materials, and defective construction, is such substantial nonperformance as will bar recovery of the contract price.

2. SAME—WAIVER.

Where a contractor failed to substantially perform a contract for the woodwork of a brick dwelling, the fact that the owner specified many of the defects, and required the contractor to remedy them, and then took possession of the house, without objecting to other substantial defects, does not constitute a waiver of such remaining defects. The most that can be said is that it is evidence touching a waiver.

3. SAME—RIGHTS OF PARTIES.

Where departure from the specifications of a building contract resulted in substantial defects, the owner of the building cannot be required to accept damages, or deduction from the contract price, if the agreement was to pay upon performance.

4. SAME—SUBSTANTIAL PERFORMANCE.

Substantial performance of a building contract permits only such omissions or deviations from the contract as are inadvertent or unintentional, and do not impair the structure as a whole, and may without injustice be compensated for by deductions from the contract price.

5. SAME—QUESTION OF FACT.

　　Substantial performance of a building contract is a question of fact for the trial court, but where a referee's finding of substantial performance is not supported by his other findings, which specify material deviations, his findings will be set aside.

　　Merwin, J., dissenting.

Appeal from judgment on report of referee.

Action by George Spence against Albert W. Ham. From a judgment in favor of plaintiff, defendant appeals. Reversed.

The action was brought to recover an alleged balance of $1,400 upon a contract in writing by which the plaintiff agreed to do all the woodwork, and furnish all the materials therefor, in erecting and finishing a brick dwelling house for the defendant in Lansingburg, N. Y., in accordance with certain plans and specifications, for $3,900, which defendant agreed to pay upon plaintiff's performance; also, for some extra work. The answer was nonperformance by plaintiff according to the terms of the contract.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Charles E. Patterson, for appellant.

Geo. B. Wellington, for respondent.

LANDON, J. It is difficult to agree with the learned referee's finding that "the plaintiff substantially performed all the conditions of said contract by him to be performed," except in point of time. The referee finds that failure of performance, as to the time of the completion of the contract, was not plaintiff's fault. We think this finding was permissible, upon the evidence. The referee, however, finds:

　　"That there were slight omissions and deviations, in the performance of the contract and specifications by the plaintiff, from the strict letter of the contract: but such omissions and deviations were through inadvertence on the plaintiff's part, and were not willful or intentional. * * * Such omissions and deviations of the work, arising neither from the consent of the owner, nor necessity, consisted chiefly as follows: Failure to place bridging in certain places provided by the contract; failure to supply certain collar braces; failure to have girders of certain length, and properly placed; failure to have trimmers and headers double, instead of single, according to the contract; failure to put drawers and shelves in closets, pursuant to plans and specifications; failure to place wooden partition on a brick wall in basement."

The referee finds that these "defects, and other small defects appearing in the building, proved to be due to any fault on the part of the plaintiff, could be remedied for fifty dollars," and he allows the defendant that deduction. Then the referee finds that:

　　"The defendant might have been entitled to a greater allowance on account of the defective performance if he had proved and claimed what it would have cost to complete the contract strictly according to its terms."

The referee then finds:

　　"That the defects aforesaid, for which the plaintiff is held to be responsible, were not pervasive, and did not constitute a deviation from the general plan, and were not so essential that the objects of the parties in making the contract, and its purpose, have not, without difficulty, been accomplished."

Our examination of the evidence fails to satisfy us that plaintiff has substantially performed. Most of the plaintiff's omissions

50 N.Y.S.—61

and deviations specified by the referee seem to be substantial. Take those specified with respect to placing bridging. The referee might have added joists. The specifications required—

"The joists of the first and second floor to be 2x12 inches, those of the attic floor to be 2x10 inches, and all to be placed 16 inches from centers, and each tier of timbers to have two rows of 1¼x3-inch X bridging, well nailed to all spans of 15 feet or more, and one row to all spans of less than 15 feet."

In the attic the joists were placed 17 to 25½ inches from centers. There was no cross bridging at all in the north wing of the attic, a span of 19 feet, and in the main flooring of the attic only one row of bridging in a span of 24 feet. The gables should have been bridged, but were not. The bridging and joists are material to the strength and solidity of the building. When the house is completed, they are covered up, and out of sight. What the bridging was under the floors of the first and second stories was not shown. It is inferable from the report, and the evidence as to the settling of the building and unevenness of the floors, that the defects which were exposed were not all that existed. It is unreasonable to require the owner to take as compensation what it would have cost to remedy these defects before the floors were laid, and walls and ceilings made. Contracting for what he wanted, he cannot be required to put up with something else. "Failure to have girders of certain length, and properly placed." We cannot hold that it is a substantial compliance with a building contract, that the girders, which are an important element of the strength and solidity of the structure, should be shorter than the specifications called for, and also improperly placed. The trimmers and headers are concealed when the building is completed. They also go to its strength and solidity. The contractor has no excuse for making them single, when the specifications required them to be double, and such a deviation cannot be called unintentional. Glacius v. Black, 67 N. Y. 563. "Failure to place a wooden partition over a brick wall in basement." This partition, instead of being placed directly over the wall, and thus being supported by it, as the specifications called for, was placed so far to one side of it as to receive no support from it. "Failure to supply certain collar braces." These were to keep the rafters of the building from drawing apart. As these can now be added without destroying any part of the structure, we pass them, as an item less material to the plaintiff's case; and also the shelves and drawers in the closets. The referee intimates that there are defects other than those which he specifies. Indeed, there seem to be many. Some of these go to the strength and stability of the structure; others, to inferior materials used in the work; and others, to matters of style and finish. It is not necessary to specify them all. Most of them are set forth in the testimony of Mr. Ross. The explanations and excuses offered by the plaintiff strike us as in most part an unsuccessful effort in that direction.

The referee finds:

"That the defendant, by so often examining the work, and then specifying to the plaintiff so many defects, and requiring the same to be remedied, and then going into possession of the house, and staying there, without complaint, and

making no claim for substantial defects until the bill was presented, waived what might possibly otherwise be [insisted upon as] substantial defects."

If this means that the plaintiff could safely depart from his contract, so far as the defendant should not detect and check him in so doing, it has no warrant in the contract, or in the law. Such a rule would invite bad faith. The fact that the defendant took possession of his own house, without protest against the defects he had not previously discovered, was not a waiver of them. The most that can be said of it is that it was evidence touching a waiver, but not of itself establishing it. The rules applicable to chattels, from the nature of the case, cannot apply. This was a brick house. The plaintiff's part in its erection was limited to the woodwork. There was no reason why the defendant should not occupy his house, if he chose to do so. Smith v. Brady, 17 N. Y. 173, 187; Mack v. Snell, 140 N. Y. 193, 35 N. E. 493. Where the defects are substantial, the owner cannot be required to accept damages, or deduction from the contract price. His agreement was to pay upon performance, and not otherwise. It is true the old rule of strict performance is somewhat relaxed. Woodward v. Fuller, 80 N. Y. 312; Nolan v. Whitney, 88 N. Y. 648; Crouch v. Gutmann, 134 N. Y. 45, 31 N. E. 271. But substantial performance is still required. "Substantial performance," as defined by these and other cases, permits only such omissions or deviations from the contract as are inadvertent or unintentional, are not due to bad faith, do not impair the structure as a whole, are remediable without doing material damage to other parts of the building in tearing down and reconstructing, and may without injustice be compensated for by deductions from the contract price. So much is allowed in building contracts because of the hardship to the contractor if slight, unintentional deviations should bar his recovery. Substantial performance is a question of fact for the trial court. Cases supra. The referee's finding of substantial performance is based upon his other findings, which specify material omissions and deviations inconsistent with it. These, examined in the light of the evidence, lead us to the conclusion that the finding of substantial performance cannot be sustained. The finding that what might possibly be substantial defects were waived specifies the acts constituting the alleged waiver. We do not think they support the finding. Indeed, this judgment cannot be sustained without, in effect, holding that a building contract has not the binding force upon the contractor which its terms express.

Judgment reversed; referee discharged; new trial granted; costs to abide the event. All concur, except MERWIN, J., dissenting.