SANDER v. NEW YORK & H. R. CO. et al.

(Supreme Court, Appellate Division, First Department.   June 30, 1899.)

1. RAILROADS IN STREET—CHANGE OF GRADE—DAMAGES.
    Where a railroad company has been in possession of a right of way in a street·for more than 60 years, under a claim of title, it is a complete answer to any claim for damages by abutting owners for lawful change of grade of tracks constructed on such right of way.

**2. SAME—EVIDENCE.**

In action for damages by reason of railroad structures in a street, evidence by plaintiff of rental and fee damage was improperly excluded.

**3. SAME.**

In action for damages by erection of viaduct by a railroad company in a street, evidence tending to show the obstruction of the street to plaintiff's injury was admissible.

Appeal from special term, New York county.

Action by Frederick W. Sander against the New York & Harlem Railroad Company and the New York Central & Hudson River Railroad Company. From the judgment both parties appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

James C. Bushby, for plaintiff.

Ira A. Place, for defendants.

O'BRIEN, J. This action was brought for an injunction and damages by reason of the railroad structures in Park avenue,—those erected under chapter 702 of the Laws of 1872, and those erected under chapter 339 of the Laws of 1892. The history of Park avenue and the New York & Harlem Railroad Company, and the New York Central & Hudson River Railroad Company, need not be again written, for it will be found fully recited in Conabeer v. Railroad Co., 156 N. Y. 474, 51 N. E. 402, and in Taylor v. Railroad Co., 27 App. Div. 190, 50 N. Y. Supp. 697, and Welde v. Railroad Co., 28 App. Div. 379, 51 N. Y. Supp. 290. In addition to these, there have been two recent decisions of this court—one of Lewis v. Railroad Co., reported in 57 N. Y. Supp. 1053, and the other, Birrell v. Railroad Co. (decided June 9, 1899) 58 N. Y. Supp. 650, not yet officially reported—which are claimed to be decisive, the plaintiff insisting that the case at bar is controlled by the former, and the defendants that it is governed by the Birrell decision. In Lewis v. Railroad Co. it was held that, where the railroad went into possession of a portion of the street under a deed, and subsequently made encroachments beyond the limits of the deeded land, to which encroachment it claimed title by prescription, the rights of the railroad to the latter are limited to the extent of its user; and in the Birrell Case, where the title was acquired by the railroad to a strip of land 24 feet in width, in the center of the avenue, by condemnation proceedings, it was held that there was no difference in the rights thus acquired and those acquired by direct grant, the learned judge saying in his opinion:

"So far as the strip of twenty-four feet is concerned, we think it clear that the company acquired the right to construct its railroad thereon at any grade authorized by the legislature, whether below or above the surface of the land, without incurring any liability to Benson or his grantees for consequential damages to Benson's remaining property occasioned by the proper use and operation of the road."

The facts as to the title of the railroad in the case at bar are somewhat different from those heretofore examined by this court. The original tract through which Fourth avenue in this vicinity was laid out on the city map was owned by one Peter Poillon, who was the common source of title. Poillon had his tract surveyed and cut up

into city lots, in conformity with the city map. The lots comprising the plaintiff's premises were sold by Poillon to one John G. Vought by deed dated June 1, 1827, and were thus described:

"Bounded as follows: Easterly by the Fourth avenue, southerly by 116th street, westerly by a parallel line to the Fourth avenue, * * * and northerly by a parallel line to 116th street. * * *"

On January 18, 1832, Poillon conveyed to the New York & Harlem Railroad Company a strip of land 24 feet in width in the center of Fourth avenue.

It is insisted by the plaintiff that the conveyance to his predecessor, through John G. Vought, which bounded the premises "easterly by Fourth avenue," conveyed to the central line of the avenue (Tinker v. Railroad Co., 81 Hun, 591, 30 N. Y. Supp. 1014), while the defendants contend that the legal situation after Poillon had conveyed the abutting lots to Vought is correctly described by Judge Rapallo, in Re Opening of Eleventh Avenue, 81 N. Y. 436, 447, wherein he says:

"The authorities cited fully establish that, without making such a dedication to the public, a grantor may, by selling lots and describing them as bounded on a street running through his own land, create an easement in the lands, called a 'street,' in favor of his own grantees, and that, although the fee of such lands remains in him, it is incumbered by that easement."

See, also, Bank v. Nichols, 64 N. Y. 65, 73; In re Ladue, 118 N. Y. 213, 220, 23 N. E. 465. In the latter case Judge Vann says:

"As between grantor and grantee, a street is created when land, clearly defined as to extent and location, is devoted to that end by the grant, whether it is then in a condition to use as a street or not, although it would only be a street on paper until actually opened."

The question thus presented at the outset is whether the plaintiff acquired title to the center of the avenue, or only easements therein. If the latter, then the grant by Poillon to the railroad of the strip of land 24 feet in width for railroad purposes was not in derogation of the rights of the owners of the abutting lands (Fobes v. Railroad Co., 121 N. Y. 505, 24 N. E. 919); and the railroad, if Poillon retained the fee to the land in the avenue, could convey it subject to the easements acquired by the abutting owners. As the original structure of the railroad was placed in the center of the avenue, the extent of the plaintiff's title, at most, would include only 12 feet of the land occupied by such structure. Whatever the original rights may have been, however, it is unnecessary to determine, because the open, notorious possession by the railroad company, under a claim of title secured from Poillon, for more than 60 years, is a complete answer to any claim for damages by abutting owners for lawful change of grade of the two central tracks which were constructed on the 24 feet of the avenue embraced in the Poillon deed to the railroad company. The learned trial justice found that the permanent structure erected under the act of 1892, and the operation of trains thereon, were a continuing trespass on the plaintiff's easements of light, air, and access; and in this conclusion he entirely ignored the rights acquired by the railroad company under Poillon's deed of the 24 feet. In addition to this error, there are rulings on evidence that cannot be upheld.

Thus, evidence offered by the plaintiff to show rental and fee damage was excluded, as was also evidence tending to show the obstruction of the street, to plaintiff's injury, during the erection of the viaduct. So, too, the plaintiff should not have been prevented from proving, if he could, by competent evidence, that the defendants were liable, because participating in certain of the acts of trespass complained of. We think also that the judge erred in refusing to permit the defendants to rebut the plaintiff's evidence which was directed to showing that lands on the north side of 116th street had a greater value than those on the south side. We are not disposed in these cases to reverse a judgment for technical errors in rulings upon evidence which do not affect the substantial rights of the parties; but the rulings to which we have adverted, taken in connection with the principal error committed, of entirely ignoring the Poillon deed to the railroad, render it necessary to reverse this judgment. We do so with less reluctance, because both parties feel aggrieved and appeal, and both therefore will obtain what they seek,—the benefit of a new trial.

Judgment accordingly reversed, and a new trial ordered, without costs.

McLAUGHLIN, J., concurs; VAN BRUNT, P. J., and INGRAHAM, J., in result.