(96 App. Div. 506.)

## ROCHEVOT et al. v. WOLF.

(Supreme Court, Appellate Division, Fourth Department. July 6, 1904.)

1. SALES—CONTRACT—BREACH OF WARRANTY—REMEDIES OF PURCHASER.

Where defendant contracted to furnish a refrigerating plant for plaintiff's brewery, and the contract provided that, if the plant did not work according to the guaranty, defendant would remove it and refund any payment, on a breach of the guaranty plaintiff might require defendant to remove the plant and refund the money, and on refusal plaintiff might remove the plant himself and sue for the money that had been paid, or he could retain the plant as his own property and sue for damages for the breach of guaranty.

2. SAME—ACTION BY PURCHASER—COMPLAINT—MOTION TO MAKE DEFINITE AND CERTAIN.

Where, in an action by the purchaser of the plant after a breach of the guaranty, the complaint was such that it was questionable whether plaintiff was suing for damages for the breach or for the money that had been paid, defendant could protect himself against surprise by a motion to make the complaint more definite and certain.

3. SAME—COMPELLING PARTY TO ELECT REMEDY.

Defendant could protect himself against any surprise by motion at the opening of trial to compel the plaintiff to elect on which theory he would proceed.

4. SAME—CHOICE OF REMEDIES BY PURCHASER—ELECTION—WAIVER.

Defendant contracted to place a refrigerating plant in plaintiff's brewery, and it was agreed that, if the plant did not work as guarantied, defendant would remove the plant and refund any money which had been paid, and subsequently plaintiff served on defendant a notice to remove the plant and refund the money; certain objections to the plant being specified in the notice. Held that, in an action by plaintiff against defendant for damages because of the breach of guaranty, plaintiff was confined to the objections to the plant specified in his notice.

5. SALES—BREACH OF WARRANTY—ACTION BY PURCHASER—DAMAGES.

Where, in an action by the purchaser of a refrigerating plant for damages for breach of warranty, the court gave the general instruction that the measure of damages was the difference between the value of the plant as it was and as it was represented to be, but there was evidence that the plant could be put in proper condition by the expenditure of a small sum of money, it was error to refuse to charge that the damages would not exceed the amount necessary to be expended to put the plant in proper condition.

6. SAME—EVIDENCE AS TO DAMAGES—COMPETENCY.

In an action by the purchaser of a refrigerating plant for damages for breach of warranty, the value of the plant as it was when accepted by plaintiff was arrived at by evidence showing the value of certain portions of the plant, which plaintiff had used, and that the other portions were entirely worthless. Held, that the admission of such evidence for the purpose of arriving at the damages was not error.

McLennan, P. J., and Spring, J., dissenting.

Appeal from Trial Term, Erie County.

Action by Caroline Rochevot and others, as executors of the will of George Rochevot, deceased, against Fred W. Wolf. From a judgment in favor of plaintiffs, and from an order denying a new trial, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Rogers, Locke & Milburn and Frank H. Scott, for appellant.
Brundage & Dudley, for respondents.

WILLIAMS, J.   The judgment and order should be reversed, and a new trial granted, with costs to appellant to abide event.

The action was brought upon a contract for the construction of a refrigerating plant for use in Mr. Rochevot's brewery, in the city of Buffalo, N. Y.   The original contract was made September 12, 1885. It contained a full description of the plant, and a guaranty on the part of the defendant that it would do the work prescribed in the contract, and an agreement that, if it would not do so, the defendant would remove it and refund any money paid for the same.   Thereafter, and prior to January 17, 1887, the plant was constructed and placed in the brewery.   It failed to do the work prescribed in the contract satisfactorily, and thereupon a new contract was made, permitting the defendant to make changes in the construction, so that it would do the work prescribed.   The guaranty in the original contract was retained and reiterated in the new contract.   The changes in the plant were made, but it was still claimed that the guaranty was not complied with.   After some correspondence and negotiations the defendant was finally requested, by a writing served February 13, 1888, to remove the plant from the brewery and refund the money paid him therefor.   This request was not complied with.   Some portions of the plant were subsequently removed by Mr. Rochevot, and some were retained.   There had been paid to defendant upwards of $25,000 for the plant.   Mr. Rochevot died in January, 1897, and this action was brought in June, 1898.   The plaintiffs claimed the damages for breach of the guaranty and contract were the amount which had been paid defendant, upwards of $25,000.   The jury rendered a verdict for $16,500.   In the communication of February 13, 1888, requesting the removal of the plant and the refunding of the money paid, three objections to the plant were specified.   Upon the trial the plaintiffs were permitted to give evidence of other defects, and the defendant claims this was error; that the plaintiffs should have been limited in their proof to the three objections specified in the paper of February 13, 1888; that all other objections were waived.

The plaintiffs had two remedies for the alleged breach of the guaranty and contract:   (1) They could require the defendant to remove the plant and refund the money, as he had agreed to do by the express terms of the contract.   Upon refusal by defendant to comply with this request, the plaintiffs could remove the plant themselves and sue for the money which had been paid.   (2) They could retain the plant as their own property, and sue for damages for the breach of the guaranty and contract.

There is controversy between the parties as to which remedy the plaintiffs were seeking to enforce here.   The defendant claims the complaint was to recover back the money paid, but the plaintiffs claim the action was brought to recover damages for a breach of the guaranty and contract.   The court permitted the trial to be had upon plaintiffs' theory, and apparently the complaint alleged all the facts necessary to constitute such a course of action.   A recovery could have been

had, very likely, upon the complaint for either cause of action. The defendant could have protected himself against surprise at the trial by motion before the trial to make the complaint more definite and certain, or by motion at the opening of the trial to compel the plaintiffs to elect upon which theory they would proceed.

The paper of February 13, 1888, was apparently served for the purpose of laying a foundation for a suit to recover back the money paid. It was unnecessary to serve such a paper, for the purpose of a suit to recover damages for a breach of guaranty and contract. The plaintiffs must have abandoned their effort to recover back the money paid, because various parts of the plant were retained and used for a long time. They could not keep and use the property, or a portion of it, and still recover back money paid for the whole plant. The paper was served, however, calling upon the defendant to remove the plant and refund the money paid, and the paper specified the three respects in which the plant failed to comply with the guaranty and contract. The defendant was then called upon to determine whether he would comply with the request, or subject himself to litigation with reference to the matter. Under the authorities it would seem that, in deciding which course he would adopt, he had a right to rely upon the defects in the plant specified in the paper served as the only defects he would have to litigate, and that all others would be regarded as waived. Littlejohn v. Shaw, 159 N. Y. 188, 53 N. E. 810; Oakland Sugar Mill Co. v. Wolf Co., 118 Fed. 240, 55 C. C. A. 93; Railway Co. v. McCarthy, 96 U. S. 258, 24 L. Ed. 693. The defendant was fairly apprised by the paper served that he must comply with the request made, or litigation would follow  He was not notified what form of action would be adopted. He took his chances of whatever attack the plaintiffs might make upon him, if he refused to comply with the request. He had a right to rely upon the plaintiffs' statement of the defects specified in deciding what he would do, and to regard all others, if any existed, as waived.

The plaintiffs' counsel seeks to distinguish the cases above referred to, and claims they have no application to such an action as this, to recover damages for breach of an express guaranty and contract. We see no reason for the distinction claimed. If this action had been to recover back the money paid, the waiver would certainly have existed, because the notice was aimed directly at that form of relief. Inasmuch as defendant was called upon to determine whether he would subject himself to attack in any form of action by failing to comply with the request, it would seem that the waiver would exist in the one form of action as well as the other. Norton v. Dreyfus, 106 N. Y. 90, 94, 95, 12 N. E. 428, cited by plaintiffs' counsel does not seem to involve this question of waiver at all. No authority is cited which holds that this rule as to waiver does not apply to such a case as this. It seems to us that the rule is so applicable. The evidence of other defects than those specified in the paper of February 13, 1888, was therefore improper, and should not have been submitted to the jury. This error requires a reversal of the judgment and order.

It is said by defendant that it was error to submit to the jury the question as to whether the plaintiffs furnished, as they had agreed to

do, an adequate supply of water of the proper temperature; that there. was no evidence that such supply of water was furnished. We cannot consent to this claim. There was a great amount of evidence given relating to this subject, the court fairly submitted it to the jury, and we think the jury were authorized to find, as they apparently did, that the supply of water was adequate, and that want of such supply was not the cause of the failure of the plant to do the work required by the contract between the parties.

We are of the opinion that error was committed by the court in its charge with reference to the subject of damages. The general rule was properly laid down in the body of the charge, viz.: The difference between the value of the plant as it was and as it was represented to be. At the close of the charge, however, the defendant requested that it be charged in effect that, if the defective condition of the plant could be corrected by the expenditure of a small sum of money, the damages would not exceed the amount so necessary to be expended, and this the court refused. There was a basis in the evidence for the finding of fact suggested, and, this being true, the conclusion must follow, as requested. Bates v. Fish Brothers' Wagon Co., 50 App. Div. 38, 63 N. Y. Supp. 649; Id., 169 N. Y. 587, 62 N. E. 1094; Manufacturing Company v. Phelps, 130 U. S. 520, 9 Sup. Ct 601, 32 L. Ed. 1035. As said in the Bates-Wagon Co. Case:

"What it will cost to bring the plant up to the full measure of the * * * guaranty, cover the loss, * * * and is in effect making the basis of the damages the difference between the actual value, and the value if it had corresponded to the guaranty. The measure is no more speculative than the opinion of the witness in any case who fixes a value upon an article of this cumbrous kind in actual use." (A steam heating plant.)

And in Manufacturing Co.-Phelps Case:

"The rule of damages adopted by the court below of deducting from the contract price the reasonable cost of altering the construction and setting of the machinery, so as to make it conform to the contract, is the only one that will do full full justice to both parties, and is in accordance with the decisions upon similar contracts."

The court should have given the defendant the benefit of this rule, and a refusal to do so was an error which requires the reversal of the judgment and order.

It is said by defendant that there was no proper evidence upon which the jury could assess the damages under the charge of the court, even if the charge was correct. The first element in the rule of damages, the value of the plant as represented, was the contract price, $28,000. The other element, the value of the plant as it was when accepted by the plaintiffs, was arrived at, not by giving proof of such value of the whole plant, as a plant, but by showing the value of certain portions, which the plaintiffs used, as $7,000, and that the other portions were entirely worthless. While this was a peculiar way of arriving at the second element in the rule of damages, yet we cannot see why it was erroneous. The witnesses might have been asked the general question of the value of the plant as it was, and have given the answer $7,000, and when inquired of as to the method of arriving at such result, could have answered that they allowed full value for

certain parts and nothing for the others, which were worthless. The whole matter in either event would be for the determination of the jury.

The evidence tended to show the damages were $21,000. The jury evidently regarded the parts of the plant thrown away as worthless of some value, because they rendered a verdict of only $16,500. It would seem, therefore, that they found the value of the plant as it was to have been $11,500 instead of $7,000, as stated by the witnesses.

We conclude, therefore, that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide event, upon questions of law only; the facts having been examined, and no error found therein. All concur except McLENNAN, P. J., and SPRING, J., who dissent.

HISCOCK, J.   I concur in a reversal of the judgment appealed from upon the ground first stated and reviewed in the opinion of Justice WILLIAMS, namely, that it was error to receive evidence upon the trial of alleged defects in the plant supplied by defendant, other than those mentioned in the notice of February 13, 1888. Defendant does not question that, if the plant was not in accordance with the agreement, and therefore defective, plaintiffs' testator was entitled to either of two remedies. He might insist upon the relief specifically provided for in the agreement—that defendant should take out the machinery and return the purchase price thereof, or he might resort under general principles of law to an action for breach of warranty.

Plaintiffs' testator by his conduct, and plaintiffs by their argument upon this appeal, seem to concede that, as a basis for the first manner of relief, it was necessary to serve a notice specifying defects and calling upon defendant for fulfillment of his obligations to return the purchase money. Upon the other hand, it was not necessary, as a prerequisite to an action for breach of warranty, to serve such a notice. Under these circumstances, the question is whether, in this action for breach of warranty, plaintiffs are limited to an assertion of the defects specified in the notice which their testator did elect to serve. Various lines of cases, of which many have been cited, are familiar, holding that a person at the time stating certain reasons for his conduct is thereafter limited to such reasons so stated as a subsequent justification for such conduct. Familiar illustrations of such cases are those of a vendee refusing to accept goods tendered to him in pursuance of a contract, or of a person refusing to accept a tender of money or of a deed, or of a person refusing to perform some contract obligation. While the principle confining such a person in subsequent litigation to the reasons stated by him at the time sometimes is said to be based upon the rule of waiver and at others upon the rule of estoppel, the element of estoppel is frequently, at least, involved. The vendor of the goods, or the person making tender or demanding fulfillment of a contract obligation, has a right to rely upon the reasons given by the opposite side for his refusal to act, and by such reasons to govern his conduct in deciding what he will do. While these cases, which upon the theory of waiver or estoppel forbid a person subsequently to change or add to his reasons and grounds of action, most frequently arise where a person is making an excuse for not meeting some obligation of the kind men-

tioned then present, I see no reason why the principles of them should not be applicable to the case at bar.

If the plant supplied by defendant was in fact defective, he must be assumed to have known that plaintiff's testator had a right to invoke against him either of the forms of relief already referred to. The vendee might compel him to take out the plant and return the purchase money, or he might subject him to what has proved to be the harsher form of relief, of recovering in effect a large proportion of the purchase price, while at the same time he retained and treated as valueless a large proportion of the plant. If the plant was in truth defective, defendant might very well prefer to refund the purchase price and get back the machinery, which was expensive and which, though inefficient in the Rochevot brewery, might be of use and value elsewhere, rather than to subject himself to a litigation in the form of an action for breach of warranty, wherein the vendee would recover what was equivalent to the purchase price of the machinery, and defendant would not recover his pipes and tanks. When the vendee served upon defendant the notice in question, he placed before the latter the necessity of deciding, under all of these considerations, what he would do—whether he would refund the purchase price and secure the return of his plant, or whether he would subject himself to the liability and expense of litigation and the possibility, quite thoroughly realized in the present result of this action, of losing a large proportion both of the purchase money and of his machinery. The notice of plaintiffs' testator called upon defendant to take action of some kind. In deciding what that action should be, I think that defendant had a right to rely upon the terms of the notice, and that plaintiffs are estopped from now alleging other defects which, if then specified, might have led defendant to take another or different course. The notice was prepared with care and deliberation, and after a full opportunity to inspect and examine the machinery and to test its results by the requirements of the contract; and it seems to me that there is no hardship or injustice in holding that defendant had a right to assume that it stated all of the defects claimed to exist, and to base his decision upon and measure his conduct by such statement.

It does not seem to me that plaintiffs are relieved from the application of such a rule because, as stated, there was no original necessity for serving such a notice as this as a basis for this action. When the demand and notice was served upon him, defendant was compelled to decide whether he should comply therewith, or whether he should subject himself to all of the liabilities which might flow from a refusal so to do, and of which the possibility of this action, with its attendant results, was one. I think, as matter of law, we must assume that, if the vendee had stated in his notice all of the defects urged upon the trial, the defendant might have been unwilling to subject himself to this litigation and the disastrous results to him which have flowed therefrom, and that the testator, by the notice having influenced him, is now estopped from taking a different position. The argument, advanced by the learned counsel for the respondent, that here was an express warranty which survived and was not waived by acceptance, does not seem to be applicable to this question. The principles and decisions in-

voked by him treat of the question of a waiver of defects by mere acceptance of goods, and hold that such waiver does not prevail in the case of express warranty. That is an entirely different and distinct question from that involved in this case.