ANTHONY B. CAWLEY, Respondent, *v.* HENRY WEINER et al., Appellants, Impleaded with Another.

Mechanic's lien — action to foreclose lien — allegation by contractor that he had "substantially performed" all of the terms and conditions of the contract — defense that contractor had failed to perform or had defectively performed his contract in certain particulars — evidence — erroneous rejection of proof of such defects because they were not included in list of defects given to contractor before commencement of action — waiver and estoppel — failure to make any finding as to any facts showing waiver or estoppel of the defects set up as a defense.

1. Where plaintiff, a builder who had constructed a bungalow under a contract for defendants, brought an action to enforce a mechanic's lien for an unpaid balance, alleging in the complaint that he had " substantially performed " all of the terms and conditions of the contract as modified by defendants and the latter attempted to prove that he had failed to perform or had defectively performed his contract in three particulars and the trial judge excluded all evidence as to these items on the ground that they were not specified in a list of defects and omissions given to the plaintiff by defendants before the beginning of the action, and that thereby defendants were estopped from proving them, the judgment obtained by plaintiff should be reversed  The trial judge was in error in ruling out the evidence on the ground that the list of defects and omissions constituted a waiver or estoppel in law.  The trial court should have taken all the evidence and determined as a question of fact whether there was a waiver of the defects mentioned or whether the defendants were estopped from insisting upon the defects.

2. The plaintiff herein alleged substantial performance, not complete performance, but the trial judge found at the request of defendants that certain changes were made by the contractor from the plans and specifications, and that there were certain omissions and defects. Having found these facts at the request of the defendants a duty rested upon the plaintiff regarding them. The burden was upon the plaintiff to prove the reason for these defects or changes, or whether the condition was due to the plans and specifications, and not his defective workmanship and if they were proper items for which allowance could be made, the plaintiff should have proved what the reasonable cost would be to remedy the condition. Instead, the court has erroneously allowed him the full amount of the contract price without any deduction for those apparent defects and without any explanation in the findings for not making it.

*Cawley* v. *Weiner*, 204 App. Div. 886, reversed.

(Argued June 11, 1923; decided July 13, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 13, 1922, unanimously affirming a judgment in favor of plaintiff entered upon a decision of the Nassau County Court on trial without a jury.

*Harry W. Moore* for appellants. Appellants' proof of existing defects and omissions was erroneously excluded at the trial upon the ground of an estoppel. (*Littlejohn* v. *Shaw*, 159 N. Y. 188; *Spence* v. *Ham*, 27 N. Y. 379; 163 N. Y. 220.) It was error for the trial court to allow plaintiff for full and complete performance when substantial performance is alleged in the complaint and the undisputed evidence shows numerous substantial omissions and defects for which no deduction whatever was made. (*Spence* v. *Ham*, 163 N. Y. 220.)

*Hartford N. Gunn* and *Albert E. Gunn* for respondent. The owners, having formally and deliberately prepared and served on the contractor a list of objections as to the sufficiency of performance, waived any other objections and were estopped from alleging other defects. (*Rochevot* v. *Wolf*, 96 App. Div. 506; *Littlejohn* v. *Shaw*, 159 N. Y. 188; *Smith* v. *Russell*, 144 App. Div. 847.)

Under the evidence in this case the court properly found that the contract had been duly substantially performed. (*Murphy* v. *Stickley Simmonds Co.*, 82 Hun, 158; 152 N. Y. 626; *Crouch* v. *Gutman*, 134 N. Y. 45; *Patterson* v. *Meyerhofer*, 204 N. Y. 100.)

CRANE, J. The plaintiff, a builder, constructed a bungalow under contract with the defendants at Port Washington, Nassau county, New York. After its alleged completion he filed a mechanic's lien for the balance due him and commenced this action for its foreclosure. He has been awarded the full amount claimed to be due less a small amount on his claim for extras. The county judge before whom the case was tried made his findings of fact and conclusions of law which have been unanimously affirmed by the Appellate Division. We, in reviewing this case, are bound by these findings.

The correctness of the judgment has been challenged upon two grounds: *First*, the exclusion of evidence showing defects and failure to comply with specifications on the ground that the defects were waived, and *second*, that the findings as made do not support the judgment.

The findings are to the effect that on the 31st day of January, 1921, plaintiff entered into a contract in writing with the defendants to erect and finish a new dwelling and garage for the sum of $8,500, and that between the 31st day of January, 1921, and the 9th of June of the same year the plaintiff entered into and upon the performance of said contract which during the progress of the work was modified at the request and at the consent of the defendants in five particulars therein specified, which need not now be mentioned.

It is further found: " That the plaintiff duly substantially performed all the terms and conditions of said contract, so modified as above set forth, on his part to be performed and did well and sufficiently erect and finish said dwelling and garage agreeably to the drawings

and specifications mentioned in the contract, as modified as above set forth."

It appears that about the 1st of June, 1921, the defendants entered into possession of the bungalow erected on their property and then prepared and handed to the plaintiff a statement of things which they considered necessary for the completion of the house. This statement consisted of seventeen items which the defendants insisted should be changed or furnished.

Upon the trial the defendants offered to prove that the plaintiff had failed in the performance of his contract in three particulars not specified in this list. This evidence upon objection and over exception was excluded by the trial judge. He ruled that when the defendants moved into the house, which was not then complete, and specified certain objections to the work, that they had waived all other defects or omissions and were estopped from proving them in an action by the contractor for the price.

The complaint alleged that the plaintiff had " duly substantially performed " all the terms and conditions of the contract as modified. It does not allege complete performance, but substantial performance. The modifications alleged have nothing to do with the point we are now discussing and need not be mentioned. Defendants attempted to prove that the contractor had failed to perform or had defectively performed his contract in three particulars: *First*, that the floor sagged; *second*, that the plaintiff omitted a supporting arch under the living room fireplace as required by the specifications; *third*, that there was a half inch crack in the brick wall composing the first story of the building.

The trial judge excluded all evidence as to these items on the ground that they were not specified in the list of defects and omissions given to the plaintiff before the bringing of the action. The rulings and exceptions to this line of attempted proof are many, for the defendants'

counsel not only sought to cross-examine the plaintiff and his witnesses upon these defects, but also sought to offer direct and expert testimony in reference to them.

The court said: " I think that having made a specification of objections, I think the defendants have estopped themselves from making other objections unless you show that some situation has developed, showing that it was impossible to discover the other things at the time the former objection was made. * * * I think it is a principle of law well established that your clients after making this list of breaches of contract, they could go ahead and complete or leave it as it was an off-set, but they have specified what they were with the intent that it should be relied upon. Until you show that there was something that could not be discovered at the time this list was made, I will hold that you are limited to that."

We think the trial court should have received this evidence and that it was error to exclude it. The plaintiff made a contract to build a house for the defendants. He says that he has substantially performed his contract and wants his pay. The defendants attempt to prove that the contractor has failed in performance. The trial court does not permit the proof upon the ground that the defendants had previously submitted a list of defects and omissions and the proof offered pertains to others than those specified.

This is not a case of the sale of goods. (*Spence* v. *Ham*, 27 App. Div. 379.) The house was built upon the defendants' property. They could move into it, live in it and in this sense accept it without waiving any defects in construction. (*Gray* v. *James*, 128 Mass. 110.)

Unless the plaintiff were in some way harmed by the action of these defendants in furnishing him with a list of the defects, how are they estopped from showing the departures from the plans and specifications? The contractor ought not to be paid for that which he has

failed to furnish unless there be in fact a waiver which means an acceptance knowing of defects or else an estoppel, which means that the defendants are prevented from claiming the defects because it would be unfair to the plaintiff in view of their previous action. The plaintiff does not claim to have changed his position in any way. The whole doctrine of estoppel under these circumstances arising from specifying certain defects and omitting others is stated by Mr. Williston in his work on Contracts, at sections 743, 744. He there says: " On principle, however, it is always a question of fact whether the specification of a single reason operated as a deception which being relied on prevented the promisee from performing fully, as he would otherwise have done."

And again: " But here, as always, where waiver is based on estoppel, it is essential that had there been no deception, the performance would have conformed to the requirements of the law. It is vital that ' the objections if stated could easily have been obviated.' Otherwise ' it is clear * * * that [parties] are not by their rejection of the tender on an insufficient ground, precluded from supporting the rejection on other and valid grounds.' "

The trial court in this case should have taken all the evidence and determined as a question of fact whether there was a waiver of the defects mentioned or whether the defendants were estopped from insisting upon the defects. He has ruled as a matter of law that merely specifying some defects excluded evidence of all others. This rule has no reason to support it where the contractor has in no way changed his position by reason of such specification. The trial judge makes no finding as to any facts showing waiver or estoppel. Both waiver and estoppel are questions of fact. It may have been that if the defendants were permitted to show the three defects above mentioned, that the plaintiff could also

have shown such a state of facts as to have created a waiver or estoppel as a matter of fact.

We think the judge .was in error in ruling out this evidence on the ground that the list mentioned constituted a waiver or estoppel as a matter of law.

The cases of *Rochevot* v. *Wolf* (96 App. Div. 506) and *Littlejohn* v. *Shaw* (159 N. Y. 188) are to be read in the light of the facts found in those particular cases.

*Spence* v. *Ham* (27 App. Div. 379; affd., 163 N. Y. 220) states the law to be applied.

There is a second reason why the defendants should have a new trial in this case. The plaintiff alleged substantial performance, not complete performance.

The trial judge has found, at the request of the defendants, that certain changes were made by the contractor from the plans and specifications, and that there were certain omissions and defects in the work. The cesspool was to be constructed of No. 2 brick. It was constructed of cement bricks which the contractor considered " just as good." The plaintiff omitted to cover the cesspool with a bricked dome and omitted to provide a three-inch cement slab. As constructed by the plaintiff the drainage pipe leading to the cesspool passes underneath the cellar floor and from thence to the cesspool and the drain pipe enters the cesspool at a height between two and three feet from the bottom of the cesspool, the result of which is that when the cesspool fills up to the height of the drainage pipe, the drainage backs up into the house. The plaintiff constructed a dormer roof over the sewing room and toilet, shown on the second floor plan, which is six inches higher at its outer edge than it is where it joins the main roof of the building, and is six inches out of level; that as built the sun parlor leaks around the windows which open inward.

Having found these facts at the request of the defendants a duty rested upon the plaintiff regarding them. (*Jacob & Youngs* v. *Kent*, 230 N. Y. 239.) They may or may

not have been substantial modifications. The burden was upon the plaintiff to prove the reason for these defects or changes, or whether the condition was due to the plans and specifications, and not his defective workmanship. If these were proper items for which allowance could be made, the plaintiff should have proved what the reasonable cost would be to remedy the condition. The court has allowed him the full amount of the contract price without any deduction for these apparent defects and without any explanation in the findings for not making it. (*Spence* v. *Ham*, 163 N. Y. 220; *Jacob & Youngs* v. *Kent, supra.*)

For these reasons the judgments which have been awarded to the plaintiff in the courts below must be reversed and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGH-LIN and ANDREWS, JJ., concur.

Judgments reversed, etc.