Todd Lyons Paving, Inc., Respondent,
against
Vincio DelSalto, etc., Appellant.




Ricciani & Jose, LLP (Hannah Prall, Esq.), for appellant.
Blustein, Shapiro, Rich & Barone, LLP (Brian M. Newman, Esq.), for respondent.

Appeal from a judgment of the City Court of Middletown, Orange County (Robert F. Moson, J.), entered February 4, 2015. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $3,200 and dismissed the counterclaims.




ORDERED that the judgment is modified by vacating the award in favor of plaintiff; as so modified, the judgment is affirmed, without costs, and the matter is remitted to the City Court for a new trial on the issue of plaintiff's damages in accordance with this decision and order.
In this commercial claims action to recover the principal sum of $3,200, plaintiff asserted that defendant had failed to pay the balance due on a $7,200 contract for driveway paving services that plaintiff had rendered at defendant's home. Defendant asserted several counterclaims seeking to recover the principal sum of $5,000, representing the cost of correcting the alleged defects in the work performed by plaintiff. After a nonjury trial, the City Court, finding that plaintiff had, in part, defectively performed the contract, in that there was an improper pitch to the portion of the driveway in front of defendant's garage door, nevertheless determined that plaintiff had substantially performed the contract. The court further ruled that the cost to remedy the situation set forth in defendant's estimates, which entailed removing and replacing the entire driveway, was unreasonable because only the defective portion needed to be repaired. A judgment was entered awarding plaintiff the principal sum of $3,200 and dismissing the counterclaims.
In a commercial claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UCCA 1807-A [a]; see UCCA 1804-A; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). The determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510 [1991]). The deference normally accorded to the credibility determinations of a trial court applies with greater force in the Commercial Claims Part of the court, given the limited scope of review (see Williams v Roper, 269 AD2d at 126).
Upon a review of the record, we conclude that plaintiff's recovery should have been limited to the balance owed on the contract less an appropriate allowance for the cost of correcting the defective portion of the driveway (see Teramo & Co. v O'Brien-Sheipe Funeral Home, 283 AD2d 635 [2001]; Mirisis v Renda, 83 AD2d 572 [1981]; Pilgrim Homes & Garages v Fiore, 75 AD2d 846 [1980]; Spence v Ham, 27 App Div 379 [1898]; see also Brushton-Moira Cent. School Dist. v Thomas Assoc., 91 NY2d 256 [1998]; Bellizzi v Huntley Estates, 3 NY2d 112 [1957]; Hall v Krohmer, 42 Misc 3d 1220[A], 2014 NY Slip Op 50101[U] [Suffolk County Ct 2014]). Under the circumstances presented, while we find no basis to disturb the dismissal of the counterclaims, substantial justice requires that the matter be remitted for a new trial limited to determining the difference between the $3,200 outstanding balance on the contract and the amount which it would cost to cure the defect, which the court found to be the pitch of the driveway in front of the garage door (see Pilgrim Homes & Garages, Inc. v Fiore, 75 AD2d 846; Spence v Ham, 27 App Div 379).
Accordingly, the judgment is modified by vacating the award in favor of plaintiff; as so modified, the judgment is affirmed and the matter is remitted to the City Court for a new trial on the issue of plaintiff's damages in accordance with this decision and order.
Iannacci, J.P., Tolbert and Brands, JJ., concur.
Decision Date: May 23, 2017