BENJAMIN KANTROWITZ, Appellant, *v.* SAMUEL BERGMANN and DAVID TURKEL, Individually and as Copartners Doing Business under the Firm Name of BERGMANN & TURKEL, Respondents.

First Department, March 23, 1917.

Negligence — injury to employee riding in freight elevator by being pushed toward opening — evidence — erroneous dismissal of complaint.

Where in an action by an employee of an expressman for personal injuries sustained while riding on a freight elevator maintained by the defendants in a building occupied by them, it appeared that at the time of the accident gates on the elevator which when closed descended to within about two inches of the floor, were raised; that the elevator was crowded and that the plaintiff testified that as the elevator started up he felt something hit him on the back of the leg below the knee, and that his foot was shoved out between the elevator and the shaft and crushed, it was error to dismiss the complaint.

APPEAL by the plaintiff, Benjamin Kantrowitz, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 16th day of June, 1916, upon a dismissal of the complaint by direction of the court at the close of plaintiff's case.

*David Bernstein* [*Isidor Frey* with him on the brief], for the appellant.

*Henry Best* [*Jesse W. Tobey* with him on the brief], for the respondents.

LAUGHLIN, J.:

On the 29th of September, 1909, the plaintiff, who was then only eighteen years of age, was in the employ of an expressman, and while riding on a freight elevator in a loft building at No. 34 West Seventeenth street in the city of New York on his way to deliver some bundles of clothing to a tenant of one of the upper lofts he sustained personal injuries, and he brought this action to recover therefor.

The defendants were in possession of the building and through an employee operated the elevator for the convenience of their tenants. The dimensions of the elevator are not given. The front of the elevator faced northerly toward West Seventeenth street, but there was also an opening at the westerly side which was used at the upper floors. Plaintiff testified that the elevator operator placed his bundles on the elevator while he was outside speaking with his brother. There was also a large packing case in the elevator.

When the plaintiff entered the elevator and it first started there was no other passenger, but two more were taken on, and plaintiff was thereby crowded into a narrow space facing the westerly opening. There was a gate on the elevator at each opening which, when lowered into place, descended to within about two inches, or a few inches, of the floor of the elevator. At the time of the accident neither of these gates was in the lowered position. The plaintiff testified that the elevator was crowded before the other two passengers were taken on, and that he had suggested to the elevator operator that the packing case be taken off; and that when the other passengers were taken on he was crowded back against the bundles and was obliged to stand sideways facing north but with his feet toward the west. He says that after the other passengers were taken on and the elevator started up again, and when it was between the second and third floors he "felt something hit" him "on the back side of the right leg" "below the knee" and that his "foot was shoved out in between the elevator and the shaft" and crushed.

We are of opinion that the case should have been submitted to the jury. The other passenger who came in contact with the plaintiff and forced his foot off the floor of the elevator was

not sworn as a witness, and there is no express evidence in the case other than as stated with respect to the circumstances under which the accident occurred.. The jury might have inferred from the evidence that the crowding of the other passenger against the plaintiff was involuntary and the result of the overcrowding of the elevator, and might also have inferred from the evidence that if the gates had been lowered into place the plaintiff's feet could not have been shoved off the elevator platform into the opening between it and the wall of the elevator shaft and that the defendants were guilty of negligence in thus allowing the elevator to become overloaded and in operating it without lowering the gate.

It follows, therefore, that the judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., SCOTT, SMITH and SHEARN, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.