Memorandum. The plaintiff, a 72-year-old woman, was injured when she attempted to step across a hole in the sidewalk on the inside of the curb edge at a crosswalk. The hole, about a foot and a half wide and three or four inches deep, was the *765 result of defendant’s work in repaving a seven-block area in Brooklyn and the defendant had failed to place any warning signs around the hole and had failed to place any covering over the hole. The injury occurred when the plaintiff was returning from shopping and attempted to find a portion of the sidewalk which was unbroken and which would permit her to cross at the corner rather than in the middle of the block. The jury returned a verdict for the plaintiff but the Appellate Division, Second Department, reversed on the law and the facts and dismissed the complaint on the ground that the plaintiff was contributorily negligent as a matter of law in that she had earlier successfully used an alternate way of crossing the street and was fully conscious of the risks involved in attempting to step across the obvious hole. On these facts, however, both the question of defendants’ negligence and the question of plaintiff’s contributory negligence were for the jury since plaintiff’s knowledge of the danger and the presence of an alternate route were circumstances from which the jury might or might not infer negligence on the part of the plaintiff (Meyer v. West End Equities, 12 N Y 2d 698, revg. 13 A D 2d 938; Cesario v. Chiapparine, 21 A D 2d 272). Since reasonable men could differ as to whether or not the inference of negligence should be drawn in these circumstances, it cannot be said as a matter of law that the plaintiff was contributorily negligent and a new trial is, therefore, required.
Judges Burke, Bergan, Breitel and Jasen concur; Chief Judge Fuld and Judge Scileppi dissent and vote to affirm.
Order reversed and a new trial granted, with costs to abide the event.