■ TOM MIRISIS, Respondent, v MARIO RENDA et al., Appellants. — In an action, *inter alia,* to recover damages for breach of contract and the cost of "extras", defendants appeal from a judgment of the Supreme Court, Nassau County (Smith, J.), entered October 23, 1980, which, after a jury trial, was in favor of plaintiff. Judgment reversed, on the law, without costs or disbursements, and new trial granted limited to the question of damages only. The findings as to liability are affirmed. Plaintiff and defendants entered into an oral agreement whereby plaintiff was to paint the interior and exterior of defendants' home. In return for such work, defendants were to pay plaintiff the sum of $8,000. Plaintiff ceased work prior to completing performance and was not paid for the work he had completed. During the course of his work plaintiff performed certain "extras" for which he was also not paid. Plaintiff thereafter commenced this action, *inter alia,* to recover damages for breach of contract. Defendants counterclaimed for damages, alleging that plaintiff had not rendered complete performance and had failed to perform in a workmanlike manner. Following trial, the jury returned a verdict in favor of plaintiff in the amount of $9,569.50. Although the testimony of the parties and their respective witnesses was largely conflicting and presented numerous factual issues for resolution by the jury, we find there was sufficient evidence to support the verdict, but only insofar as the jury found defendants to be liable in damages. We find an error in the determination of the amount of the damages. When, as

here, a plaintiff is found to have substantially performed the terms of the contract, recovery is limited to the contract price less appropriate allowance for the cost of completing omissions and correcting defects *(Pilgrim Homes & Garages v Fiore,* 75 AD2d 846, mot for lv to app dsmd 51 NY2d 768). It is evident that the jury was not guided by this formula, because the verdict represents the aggregate of the full contract price, the cost of the "extras" and sales tax. The conflicting evidence with respect to the work which plaintiff did not complete but was required to perform under the contract and the cost therefor, as well as the extent of any defective work which plaintiff may have rendered and the cost of correcting such defective work, precludes us from making an appropriate determination of the damages. Thus, a new trial limited to the question of damages is necessary. Plaintiff will bear the burden of proving the cost of completing the work and correcting any defective performance (see *Pilgrim Homes & Garages v Fiore, supra).* Damiani, J.P., Gulotta, O'Connor and Thompson, JJ., concur