■ VINCENT CUMBO et al., Appellants, v JACK VALENTE, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Jordan, J.), dated June 18, 1984, which, upon a jury verdict, was in favor of the defendant.

Judgment reversed, on the law and as a matter of discretion, and a new trial granted, with costs to abide the event.

It is well settled that a charge that confuses and creates doubts as to the principles of law to be applied requires a new trial; a charge must not contain contradictory and inadequate statements of law *(see, Biener v City of New York,* 47 AD2d 520).* Here, the court failed to charge, in accordance with New York City Traffic Regulations 30 and 31, the applicable rule of law to be applied when a pedestrian is hit by a motorist while crossing a street controlled by a traffic light. This omission prejudiced the plaintiffs' case since it was their claim that the plaintiff Vincent Cumbo crossed the street at an intersection controlled by a traffic light. The jury was not made aware that if, as the plaintiffs contended, the light had changed while Mr. Cumbo was in the crosswalk, the defendant motorist would have been under a duty to yield the right-of-way. Compounding this error, the court charged that Mr. Cumbo was not in the crosswalk at the time he was hit, which was the primary issue in the case. Furthermore, comparative negligence should have been charged.

We have examined the plaintiffs' remaining contentions and find them to be without merit. Lazer, J. P., Rubin, Lawrence and Kooper, JJ., concur.