■ IVY SMITH, Appellant, v MIDWOOD REALTY ASSOCIATES, Respondent. [734 NYS2d 237] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Huttner, J.), entered August 30, 2000, which, upon a jury verdict, is in favor of the defendant and against her dismissing the complaint.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new trial, with costs to abide the event.

The plaintiff, Ivy Smith, was employed as a live-in home health aid in an apartment on the third floor of an apartment building located in Brooklyn. According to Smith, on March 22, 1995, she left the apartment at approximately 11:00 A.M. to run errands. When she returned, she noticed that the entrance doors to the apartment building were propped open, and a man she did not know was standing in the lobby. After Smith unlocked the front door of the apartment where she worked, a man pushed her inside from behind, locked the apartment door, dragged her into the bedroom and raped her. Smith's assailant was never caught.

Smith commenced this action against Midwood Realty Associates (hereinafter Midwood), the owner of the premises, claiming that Midwood was vicariously liable for the negligence of Efrain Brito, the superintendent of the building. Smith testified that her assailant likely gained access to the premises through the entrance doors to the building, which were often left propped open and unattended by Brito. Brito testified that intruders sometimes entered the building by ringing apartments and posing as United Parcel Service agents. Following a trial of the action, the jury found that Midwood was not liable. Smith appeals.

Smith contends that the Supreme Court's charge to the jury on vicarious liability was ambiguous, contradictory, and confusing. Pursuant to New York law, an employer is liable for the acts of its employee only to the extent that the underlying acts were within the scope of the employment (*see, Adams v New York City Tr. Auth.,* 88 NY2d 116, 119). An act is considered to be "within the scope of the employee['s] * * * authority if it is performed while he is engaged generally in the business of his employer or principal * * * or if his act

may be reasonably said to be necessary or incidental to such employment" (*O'Boyle v Avis Rent-A-Car Sys.*, 78 AD2d 431, 437 [internal quotation marks omitted]; *see, Riviello v Waldron,* 47 NY2d 297, 304-305; *Makoske v Lombardy,* 47 AD2d 284, 288; *cf., Dykes v McRoberts Protective Agency,* 256 AD2d 2, 3).

The initial portion of the court's charge adequately stated the law regarding vicarious liability. However, the court then instructed the jury that "[Brito's] duty was—did he do what he was supposed to do, could have done or should have done as a super." The instruction suggests that the only acts within the scope of an employee's authority are those which he was "supposed" to do. This ambiguous statement of the law resulted in a confusing charge (*see, Bacon v Celeste,* 30 AD2d 324, 325). The court thereafter charged the jury that, considering these facts, "[i]f Mr. Brito keeps the door open, he would be responsible," giving the jury the erroneous impression that Midwood would not be responsible.

If a charge is " 'ambiguous, inconsistent, erroneous, confusing, one-sided, incomplete or overly technical a new trial will be ordered if prejudice has resulted to any party' " (*Gannon Personnel Agency v City of New York,* 55 AD2d 548, 549, quoting 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 4404.17). Whether Brito acted negligently in the course of his duties was a central issue in this case. The charge given on this issue was ambiguous, confusing, and, at times, contradictory. Consequently, since the plaintiff was prejudiced by the charge, a new trial is required (*see, Daoust v Palmenteri,* 109 AD2d 774). Altman, J. P., S. Miller, Crane and Prudenti, JJ., concur.