■ ASIA WITHERSPOON, Appellant, v COLUMBIA UNIVERSITY, Respondent. [777 NYS2d 507]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Knipel, J.), entered February 11, 2003, which, upon a jury verdict, is in favor of the defendant and against her.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.

On January 29, 2000, the plaintiff slipped and fell on ice while walking across an open courtyard on the defendant's campus. The plaintiff testified that she could have taken an alternate route along a pathway under an overhang. The plaintiff commenced this action against the defendant alleging that the defendant was negligent in maintaining the courtyard and pathways.

Following its instructions on comparative negligence and duty of care, the Supreme Court informed the jury that if the defendant provided "a safe and direct path for prospective pedestrians, it cannot be held liable if a pedestrian chooses to take . . . an indirect and treacherous path over property it controlled."

It is well settled that "[a] landowner must act as a reasonable [person] in maintaining [its] property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of

avoiding the risk" (*Basso v Miller,* 40 NY2d 233, 241 [1976] [citation and internal quotation marks omitted]). The scope of any such duty of care varies with the foreseeability of the possible harm (*see Tagle v Jakob,* 97 NY2d 165, 168 [2001]). Here, the presence of an alternate route under the overhang did not relieve the defendant of the duty to maintain the courtyard in a reasonably safe condition as a matter of law. In addition, the plaintiff's knowledge of the icy condition in the courtyard and the presence of an alternate route under the overhang were circumstances from which the jury might or might not have found her contributorily negligent (*see Friedman v City of New York,* 25 NY2d 764 [1969]; *Cesario v Chiapparine,* 21 AD2d 272 [1964]).

Since the jury charge was erroneous, and could have prejudiced the plaintiff's case, a new trial is required (*see Smith v Midwood Realty Assoc.,* 289 AD2d 391 [2001]; *Cumbo v Valente,* 118 AD2d 679 [1986]; *Moore v Crestwood Manor,* 286 App Div 851 [1955]). Santucci, J.P., Schmidt, Townes and Mastro, JJ., concur.