■ MALONEY CARPENTRY, INC., Respondent, v GEORGE BUDNICK et al., Appellants. [795 NYS2d 911]—

In an action to recover damages for breach of contract, the defendants appeal from a judgment of the Supreme Court, Putnam County (Sweeney, J., on judgment; Hickman, J., at trial), entered January 22, 2004, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $63,144.48.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.

If a jury charge is "ambiguous, inconsistent, erroneous, confusing, one-sided, incomplete or overly technical a new trial

will be ordered if prejudice has resulted to any party" (*Smith v Midwood Realty Assoc.*, 289 AD2d 391, 392 [2001] [internal quotation marks omitted]). "[A] primary tenet of the doctrine of substantial performance is that the extent of recovery must be limited to reflect an adjustment for those items which were not duly performed" (*Pilgrim Homes & Garages v Fiore*, 75 AD2d 846, 847 [1980]; *see Teramo & Co. v O'Brien-Sheipe Funeral Home*, 283 AD2d 635, 637 [2001]). The charge given on this issue was erroneous, incomplete, and ambiguous. Consequently, since the defendants were prejudiced by the charge, a new trial is required (*see Witherspoon v Columbia Univ.*, 7 AD3d 702, 703 [2004]; *Smith v Midwood Realty Assoc., supra; Carefree Bldg. Prods. v Belina*, 169 AD2d 956, 957-958 [1991]).

The defendants' remaining contentions are without merit. Florio, J.P., Schmidt, Adams and Mastro, JJ., concur.