■ RONALD YORK, Appellant, v ST. MARY'S R.C. CHURCH AT MANHASSET et al., Respondents. [802 NYS2d 183]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Berler, J.), dated April 6, 2004, which denied his motion pursuant to CPLR 4404, inter alia, to set aside a jury verdict in favor of the defendants and against him on the issue of liability and for a new trial and (2) a judgment of the same court entered April 6, 2004, which, upon the jury verdict, is in favor of the defendants and against him dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, that branch of the motion which was to set aside the jury verdict and for a new trial is granted, the matter is remitted to the Supreme Court, Suffolk County, for a new trial, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order

are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff fell off a ladder while performing repairs on a window of the defendant St. Mary's R.C. Church at Manhasset (hereinafter St. Mary's). In its instructions to the jury at the trial the Supreme Court stated, inter alia, as follows: "I must instruct you that I found that the defendant failed to provide proper protection to the plaintiff as required by Section 240 of the Labor Law which requires all contractors and owners to furnish ladders which shall be so placed, operated and/or maintained to provide proper protection. Having decided that, you must determine whether the failure to provide proper protection was one of the substantial factors in causing plaintiff's fall from the ladder in which case you will find for the plaintiff on that issue. If you conclude that the plaintiff's action was the only substantial factor *besides the above finding by the Court with respect to 240 of the Labor Law* in bringing about his fall from the ladder you will find for the defendants on that issue" (emphasis added). The jury rendered a verdict in favor of the defendants. The plaintiff then moved pursuant to CPLR 4404, among other things, to set aside the verdict. The Supreme Court denied the motion. On appeal, the plaintiff contends, inter alia, that the verdict should be set aside and a new trial should be granted because the above-quoted jury charge was ambiguous and confusing.

As stated by the Court of Appeals in the case of *Blake v Neighborhood Hous. Servs. of N.Y. City* (1 NY3d 280, 290 [2003]): "Under Labor Law § 240 (1) it is conceptually impossible for a statutory violation (which serves as a proximate cause for a plaintiff's injury) to occupy the same ground as a plaintiff's sole proximate cause for the injury. Thus, if a statutory violation is a proximate cause of an injury, the plaintiff cannot be solely to blame for it. *Conversely, if the plaintiff is solely to blame for the injury, it necessarily means that there has been no statutory violation*" (emphasis added). Here the Supreme Court initially told the jury that there was a statutory violation of Labor Law § 240 (1) as a matter of law. However, the Supreme Court then informed the jury that it should find for the defendants "[i]f you conclude that the plaintiff's action was the only substantial factor *besides the above finding by the Court with respect to 240 of the Labor Law in bringing about his fall from the ladder*" (emphasis added). These confusing instructions were a misstatement of the law which prejudiced the plaintiff's case (*see Smith v Midwood Realty Assoc.*, 289 AD2d 391 [2001]; *see also Blake v Neighborhood Hous. Servs. of N.Y.*

*City, supra; Weininger v Hagedorn & Co.*, 91 NY2d 958 [1998]; *Musselman v Gaetano Constr. Corp.*, 277 AD2d 691 [2000]). Under such circumstances, a new trial was warranted (*see Gannon Personnel Agency v City of New York*, 55 AD2d 548 [1976]).

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Santucci, Luciano and Spolzino, JJ., concur.