■ PAUL SLATSKY, Appellant, v GREAT NECK PLUMBING SUPPLY, INC., et al., Respondents. [815 NYS2d 201]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Flug, J.), entered March 24, 2005, which, upon a jury verdict in favor of the defendants and against him, dismissed the complaint.

Ordered that the judgment is reversed, on the law, the complaint is reinstated, and a new trial is granted, with costs to abide the event.

The plaintiff allegedly was injured when he tripped over a bag of cement on the floor of the defendants' store. At the trial, the plaintiff produced evidence that the placement of the bag constituted an unsafe condition and that the defendants had failed to provide an adequate warning. The defendants produced evidence that the bag was not inherently dangerous and constituted an open and obvious condition.

Although there is no duty to warn of an open and obvious condition, that principle does not absolve a landowner or occupier of the duty to maintain the property in reasonably safe condition (*see Cupo v Karfunkel,* 1 AD3d 48, 51-52 [2003]; *see also Vinci v Vasaturo,* 8 AD3d 262 [2004]; *Westbrook v WR Activities-Cabrera Mkts.,* 5 AD3d 69, 73 [2004]; *DiVietro v Gould Palisades Corp.,* 4 AD3d 324, 325 [2004]; *Luksch v Blum-Rohl Fishing Corp.,* 3 AD3d 475, 477 [2004]). In light of the evidence presented by the plaintiff at the trial, the Supreme Court properly charged the "failure to warn" component of PJI3d 2:90 (2006 Supp) in addition to the standard charge regarding the existence of an unsafe condition on the premises.

In giving its "failure to warn" charge, however, the Supreme Court omitted that portion of the instruction directing that, if the jury determined that the alleged unsafe condition was open and obvious and therefore there was no duty to warn, it should then proceed to consider the plaintiff's other claims concerning the unsafe condition (*see* PJI3d 2:90 [2006 Supp]). Under the circumstances of this case, that omission rendered the charge as given both confusing and prejudicial as it may have led the jury impermissibly to conclude that the defendants could not be found negligent if the condition was open and obvious. Accordingly, we grant a new trial (*see Maloney Carpentry, Inc. v Budnick,* 19 AD3d 378 [2005]; *Smith v Midwood Realty Assoc.,* 289 AD2d 391 [2001]). Florio, J.P., Luciano, Spolzino and Fisher, JJ., concur.