■ GRESHIN, ZIEGLER & AMICIZIA, LLP, Respondent, v HOPE KING, Appellant. [825 NYS2d 542]—

In an action to recover damages for breach of a retainer agreement, the defendant appeals from a judgment of the Supreme

Court, Suffolk County (Berler, J.), dated January 5, 2005, which, upon a jury verdict, is in favor of the plaintiff and against her in the principal sum of $21,320.88.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.

If a jury charge is "ambiguous, inconsistent, erroneous, confusing, one-sided, incomplete or overly technical a new trial will be ordered if prejudice has resulted to any party" (*Smith v Midwood Realty Assoc.*, 289 AD2d 391, 392 [2001] [citation and internal quotation marks omitted]). Here, the complaint alleges breach of a retainer agreement between the plaintiff attorney and the defendant client, and the defendant's counterclaim also alleges a breach of the retainer agreement. The trial court instructed the jury with respect to the parties' allegations, "[i]f you [the jury] find the defendant present[ed] expressed language or by her conduct promise[d] that if plaintiff rendered legal services she would pay for the legal services pursuant to the retainer agreement, your verdict will be for the plaintiff." However, a verdict for the defendant could only be found "[i]f [the jury] [found] that neither in expressed language nor by conduct did the defendant make such promise." This instruction erroneously prevented the jury from considering the defendant's counterclaim alleging that the plaintiff, through its actions, breached the retainer agreement. Since the defendant was prejudiced by the charge, a new trial is required (*see Witherspoon v Columbia Univ.*, 7 AD3d 702, 703 [2004]; *Carefree Bldg. Prods. v Belina*, 169 AD2d 956, 957-958 [1991]).

The defendant's remaining contentions are without merit. Schmidt, J.P., Santucci, Fisher and Covello, JJ., concur.