■ MARIA A. GUAMAN, Appellant, v INDUSTRY CITY MANAGEMENT et al., Defendants, and PLANNED BUILDING SERVICES, INC., Respondent. [835 NYS2d 680]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated December 3, 2005, as granted the motion of the defendant Planned Building Services, Inc., pursuant to CPLR 4401, made at the close of evidence, for judgment as a matter of law dismissing the complaint insofar as asserted against it and, in effect, denied that branch of her motion which was for judgment as a matter of law on the issue of liability.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendant Planned Building Services, Inc., pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted

against it and substituting therefor a provision denying that motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of liability as to that defendant.

To be entitled to judgment as a matter of law pursuant to CPLR 4401, a defendant has the burden of showing that there is no rational process by which the jury could find in favor of the plaintiff and against the moving defendant (*see Borawski v Huang*, 34 AD3d 409 [2006]; *Velez v Goldenberg*, 29 AD3d 780, 781 [2006]; *see also Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). The plaintiff's evidence must be accepted as true, and the plaintiff is entitled to every favorable inference which can reasonably be drawn from the evidence presented at trial (*see Wong v Tang*, 2 AD3d 840 [2003]). Here, viewing the evidence in the light most favorable to the plaintiff, and resolving all issues of credibility in her favor (*see Szczerbiak v Pilat, supra*), a reasonable juror could have concluded that the defendant Planned Building Services, Inc. (hereinafter PBS), the operator of the subject freight elevator wherein the plaintiff's accident occurred, breached its common-law duty to operate the elevator in a safe manner (*see Kantrowitz v Bergmann*, 177 App Div 190 [1917]).

Additionally, "[p]roof of a generally accepted practice, custom or usage within a particular trade or industry is admissible as tending to establish a standard of care, and proof of a departure from that general custom or usage may constitute evidence of negligence" (*Munzer v Town of Hempstead*, 8 AD3d 247, 247-248 [2004], quoting *Cruz v New York City Tr. Auth.*, 136 AD2d 196, 199 [1988]; *see Trimarco v Klein*, 56 NY2d 98, 105-107 [1982]). The plaintiff presented evidence that PBS's use of a freight elevator to transport passengers departed from the generally accepted custom in the elevator industry. Accordingly, the Supreme Court erred in granting PBS's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against it.

However, under the facts of this case, liability may not be predicated upon Labor Law § 316 (2) and § 255. Moreover, although the plaintiff did not adequately show that PBS violated applicable building code and/or regulations, the plaintiff is not barred from presenting appropriate proof relating thereto, if it be so advised, at the new trial. Mastro, J.P., Rivera, Dillon and Carni, JJ., concur.