■ ISA CEKIC, Appellant, et al., Plaintiff, v ROYAL-PAK SYSTEMS, INC., Respondents. [854 NYS2d 204]—

The plaintiff Isa Cekic (hereinafter the plaintiff) allegedly was injured while attempting to remove a bag of garbage that had become lodged near the bottom opening of a trash compacter manufactured and installed by the defendant Royal-Pak Systems, Inc. At the trial, the plaintiff testified that although the compactor was set to its automatic mode, she believed she had deactivated it by opening the hopper door, triggering the interlock switch. Additionally, the plaintiff produced evidence that there were no warning signs on the compactor, that the interlock switch was negligently designed, as it failed to function properly and allowed the compactor to activate with the hopper door partially open, and that the compactor did not conform to generally accepted industry standards. The court declined to charge on negligent design, failure to warn, and breach of implied warranty. It charged the jury only on a design defect under a strict products liability theory.

Under these circumstances, the evidence was sufficient to raise questions for the jury as to whether the trash compactor was reasonably safe, whether the allegedly defective design was a substantial factor in the plaintiff's accident, and whether the plaintiff was aware of the potential hazard (*see Guaman v Industry City Mgt.*, 40 AD3d 698, 699 [2007]; *Nagel v Brothers Intl. Food, Inc.*, 34 AD3d 545, 547 [2006]; *Giunta v Delta Intl. Mach.*, 300 AD2d 350, 352 [2002]). The court's failure to charge on negligent design, failure to warn, and breach of implied warranty was erroneous and prejudicial. Accordingly, a new trial is required (*see Slatsky v Great Neck Plumbing Supply, Inc.*, 29 AD3d 776, 777 [2006]; *Maloney Carpentry, Inc. v Budnick*, 19 AD3d 378, 378-379 [2005]).

In light of this determination, the plaintiff's remaining contentions have been rendered academic. Rivera, J.P., Skelos, Santucci and Leventhal, JJ., concur.