■ Isa Cekic, Appellant, et al., Plaintiff, v Royal-Pak Systems, Inc., Respondent. [874 NYS2d 178]—

Motion by the respondent for leave to reargue an appeal from a judgment of the Supreme Court, Kings County (Vaughan, J.), entered May 2, 2006, which was determined by decision and order of this Court dated March 25, 2008, or in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is,

Ordered that the branch of the motion which seeks leave to appeal to the Court of Appeals is denied; and it is further,

Ordered that the branch of the motion which is for leave to reargue is granted; and it is further,

Ordered that upon reargument, the decision and order of this Court dated March 25, 2008 (see Cekic v Royal-Pak Sys., Inc., 49 AD3d 795 [2008]), is recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover damages for personal injuries, etc., the plaintiff Isa Cekic appeals (1) from so much of a judgment of the Supreme Court, Kings County (Vaughn, J.), entered May 2, 2006 as, upon a jury verdict, is in favor of the defendant and against her dismissing the complaint insofar as asserted by her, and (2) from so much of an order of the same court dated December 5, 2006, as denied her motion pursuant to CPLR 4404 (a) to set aside the jury verdict.

Ordered that the judgment is reversed insofar as appealed from, on the law, the complaint insofar as asserted by the plaintiff Isa Cekic is reinstated, and a new trial is granted on the complaint insofar as asserted by the plaintiff Isa Cekic, with costs to abide the event; and it is further,

Ordered that the appeal from the order is dismissed as academic in light of our determination on the appeal from the judgment.

The plaintiff Isa Cekic (hereinafter the plaintiff) allegedly was

injured while attempting to remove a bag of garbage that had become lodged near the bottom opening of a trash compactor manufactured and installed by the defendant Royal-Pak Systems, Inc. At the trial, the plaintiff testified that although the compactor was set to its automatic mode, she believed she had deactivated it by opening the hopper door, triggering the interlock switch. Additionally, the plaintiff produced evidence that there were no warning signs on the compactor, that the interlock switch was negligently designed, as it failed to function properly and allowed the compactor to activate with the hopper door partially open, and that the compactor did not conform to generally accepted ANSI industry standards. The court declined to admit the American National Standards Institute (hereinafter ANSI) industry standards into evidence or charge on these standards and negligent design, failure to warn, and breach of implied warranty. It charged the jury only on a design defect under a strict products liability theory.

Under these circumstances, the evidence was sufficient to raise questions for the jury as to whether the trash compactor was reasonably safe, whether the allegedly defective design was a substantial factor in the plaintiff's accident, and whether the plaintiff was aware of the potential hazard (*see Guaman v Industry City Mgt.*, 40 AD3d 698 [2007]; *Nagel v Brothers Intl. Food, Inc.*, 34 AD3d 545, 547 [2006]; *Giunta v Delta Intl. Mach.*, 300 AD2d 350 [2002]). The court's failure to charge on negligent design, failure to warn, and breach of implied warranty was erroneous and prejudicial. Further, the industry standards should have been admitted into evidence for the jury's consideration (*see Sawyer v Dreis & Krump Mfg. Co.*, 67 NY2d 328 [1986]). Accordingly, a new trial is required (*see Slatsky v Great Neck Plumbing Supply, Inc.*, 29 AD3d 776 [2006]; *Maloney Carpentry, Inc. v Budnick*, 19 AD3d 378, 378-379 [2005]).

In light of this determination, the plaintiff's remaining contentions have been rendered academic. Rivera, J.P., Skelos, Santucci and Leventhal, JJ., concur.