638

■ Doris Sheinmel, Appellant, v Comar Restaurants, Inc., Respondent. [927 NYS2d 609]—

The Supreme Court providently exercised its discretion in granting the defendant's motion in limine to preclude the proposed testimony of the plaintiff's expert. Although "[p]roof of a generally accepted practice, custom or usage within a particular trade or industry is admissible as tending to establish a standard of care, and proof of a departure from that general custom or usage may constitute evidence of negligence" (*Guaman v Industry City Mgt.*, 40 AD3d 698, 699 [2007] [internal quotation marks omitted]), the proposed testimony of the plaintiff's expert in this case was irrelevant given the plaintiff's account of the manner in which the accident occurred (*see Reale v Herco, Inc.*, 231 AD2d 619, 620-621 [1996]; *cf. Ochoa v Jacobsen Div. of Textron, Inc.*, 16 AD3d 393, 394 [2005]).

The Supreme Court also properly precluded the plaintiff from presenting evidence of a prior accident that allegedly occurred on the defendant's premises. Contrary to the plaintiff's contention, she failed to produce sufficient evidence that the prior accident was "similar in nature to the accident alleged here and caused by the same or similar contributing factors" (*Gjonaj v Otis El. Co.*, 38 AD3d 384, 385 [2007]; *see Hyde v County of Rensselaer*, 51 NY2d 927, 929 [1980]; *Chunhye Kang-Kim v City of New York*, 29 AD3d 57, 60-61 [2006]; *Ramirez v Sears, Roebuck & Co.*, 236 AD2d 530, 531 [1997]).

The plaintiff's remaining contentions are unpreserved for appellate review or without merit. Rivera, J.P., Covello, Florio and Lott, JJ., concur.