In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Baily-Schiffman, J.), entered October 5, 2011, which, upon a jury verdict, is in favor of the plaintiff and against them in the sum of $327,320.
Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a new trial.
The plaintiff allegedly was injured when he slipped on a puddle of water in the gymnasium of the defendants’ ES. 225 while he was teaching a physical education class in a summer program for special needs children. Thereafter, the plaintiff commenced this action alleging that the accident was caused by the negligence of the defendants’ employees. Specially, the plaintiff alleged that the defendants’ employees allowed several program participants to enter the gymnasium while wearing wet clothes and failed to ensure that they had sufficiently dried off after an “aqua” class. According to the plaintiff, the water from the wet clothes created the puddle upon which he slipped and fell. After a trial, the Supreme Court entered judgment upon the jury’s verdict in the plaintiffs favor. The defendants appeal.
The jury charge in this instance did not adequately convey “the sum and substance of the applicable law to be charged” *781 (Phillips v United Artists Communications, 201 AD2d 634, 635 [1994]), as it was “ambiguous, inconsistent, erroneous, [and] confusing” (Greshin, Ziegler & Amicizia, LLP v King, 35 AD3d 536, 537 [2006] [internal quotation marks omitted]; see York v St. Mary’s R.C. Church at Manhasset, 22 AD3d 484 [2005]). The error in instructing the jury prejudiced the defendants, necessitating a new trial. The Supreme Court also erred in denying the defendants’ request for a jury instruction on the issue of the plaintiffs comparative negligence. Based upon the evidence adduced at trial, a jury could rationally conclude that the plaintiffs conduct contributed to his injuries (see Cohen v Hallmark Cards, 45 NY2d 493 [1978]; Shea v New York City Tr. Auth., 289 AD2d 558 [2001]).
The defendants’ remaining contentions either are without merit or need not be reached in light of our determination that this matter must be remitted to the Supreme Court, Kings County, for a new trial. Dillon, J.P., Angiolillo, Leventhal and Lott, JJ., concur.