Ronja Sim, Appellant, 
against
Z. Z. Construction, Respondent.



Appeal from a judgment of the Civil Court of the City of New York, Kings County (Carol R. Feinman, J.), entered May 29, 2014. The judgment, after a nonjury trial, dismissed plaintiff's cause of action and awarded defendant the principal sum of $4,000 on its counterclaim.




ORDERED that the judgment is reversed, without costs, and the matter is remitted to the Civil Court for a new trial.
Plaintiff commenced this small claims action to recover the sum of $5,000 that she had paid defendant to renovate her apartment, which renovations, she alleged, had not been fully and properly completed. Defendant counterclaimed to recover the sum of $5,000, representing the balance due on the $10,000 contract. After a nonjury trial, the Civil Court dismissed plaintiff's cause of action and awarded defendant the principal sum of $4,000 on its counterclaim. 
The record establishes that defendant did not remove closets as required by the contract. Consequently, the Civil Court credited plaintiff with a setoff in the amount of $1,000 for the work concededly not performed by defendant pursuant to the contract. It is well settled that the doctrine of substantial performance will support the recovery by a contractor of the contract price less an appropriate adjustment for the nonperformance of a part of a construction contract so long as the contractor has substantially performed (see Pilgrim Homes & Garages v Fiore, 75 AD2d 846 [1980]; see also Maloney Carpentry, Inc. v Budnick, 19 AD3d 378 [2005]). Here, the value of the nonperformance cannot be determined, as the record provides no basis to calculate the amount to be credited to plaintiff for defendant's omission. Consequently, the judgment failed to provide the parties with substantial justice according to the rules and principles of substantive law (see CCA 1804, 1807; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for a new trial. 
Pesce, P.J., Weston and Solomon, JJ., concur.
Decision Date: February 05, 2016