Active Kidz Long Island, Inc., Respondent,
against
Sarah Kushner, Appellant.




Sarah Kushner, appellant pro se.
Active Kidz Long Island, Inc., respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Nassau County, Fourth District (Darlene D. Harris, J.), entered September 28, 2017. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $613.20.




ORDERED that the judgment is affirmed, without costs.
In this commercial claims action, plaintiff seeks to recover the principal sum of $813.20, representing the balance due on a contract for the use of its facility for 90 minutes for defendant's grandson's birthday party in July 2013. This court previously reversed a judgment dismissing the action following a nonjury trial and remitted the matter to the District Court for a new trial (Active Kidz Long Is., Inc. v Kushner, 55 Misc 3d 136[A], 2017 NY Slip Op 50497[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]). 
Upon the retrial, defendant and her witness both testified that plaintiff's facility had been extremely hot, and defendant testified that, although she had asked plaintiff's front desk employee to make the facility cooler because "the kids are sweating terribly," nothing had been done; "the problem was not fixed." Defendant stated that, despite the condition, she had had to stay at the facility because 50 people were there for a birthday party. Plaintiff's owner testified that plaintiff had fully performed the contract and had provided bottles of water at no charge, and that defendant could have moved the party to a different area of the facility, but defendant had [*2]refused to do so. The trial court stated that a contract had been signed, the party had taken place, and that defendant and her guests had remained at plaintiff's facility for the duration of the party, while noting that defendant had testified that the facility was too hot. Following the trial, the District Court awarded plaintiff the principal sum of $613.20. Defendant appeals.
In a commercial claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807-A [a]; see UDCA 1804-A; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
In a breach of contract action, where a plaintiff is found to have substantially, but not fully, performed the terms of a contract, recovery by the plaintiff may be limited to the contract price less an appropriate allowance for the defect (see Mirisis v Renda, 83 AD2d 572, 572-573 [1981]; Active Kidz Long Is., Inc. v Kushner, 55 Misc 3d 136[A], 2017 NY Slip Op 50497[U]). The measure of damages may be calculated as the difference between the value of the performance provided and its value had the performance of the contract been properly rendered (see Qualtech Corp. v Zutrau, 60 Misc 3d 136[A], 2018 NY Slip Op 51080[U][App Term, 2d Dept, 9th & 10th Jud Dists 2018]; Active Kidz Long Is., Inc. v Kushner, 55 Misc 3d 136[A], 2017 NY Slip Op 50497[U]; 36 NY Jur 2d, Damages § 37). After hearing the testimony with respect to the temperature in plaintiff's facility, the District Court awarded a judgment to plaintiff in the principal sum of $613.20, representing a $200 reduction from the amount due under the contract (see Mirisis v Renda, 83 AD2d at 573). As the record supports the District Court's determination, we find that the judgment provided the parties with substantial justice according to the rules and principles of substantive law (see UDCA 1804-A, 1807-A [a]; Ross v Friedman, 269 AD2d 584; Williams v Roper, 269 AD2d 125).
Accordingly, the judgment is affirmed.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 13, 2019