Supercool Co. RHVAC, Inc. v LaSalla (2022 NY Slip Op 50357(U))

[*1]

Supercool Co. RHVAC, Inc. v LaSalla

2022 NY Slip Op 50357(U) [75 Misc 3d 126(A)]

Decided on April 28, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 28, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., HELEN VOUTSINAS, BARRY E.
WARHIT, JJ

2021-178 W C

Supercool Co. RHVAC, Inc., Respondent,
against
Annie LaSalla, Appellant. 

Annie Lasalla, appellant pro se.
Anthony J. Centone, P.C. (Anthony J. Centone of counsel), for respondent.

Appeal from a judgment of the City Court of Peekskill, Westchester County (Reginald J.
Johnson, J.), entered January 29, 2021. The judgment, after a nonjury trial, awarded plaintiff the
principal sum of $6,440.

ORDERED that the judgment is reversed, without costs, and the matter is remitted to the
City Court for a new trial limited to the issue of damages.
In this action, plaintiff, a building contractor, seeks to recover the principal sum of $7,664.20
from defendant. In September 2019, the parties entered into a contract, pursuant to which
plaintiff agreed to install a new heating and air-conditioning system at premises defendant was
renovating, for the total price of $16,160.50. Payment of 60% was required upon inception, with
the $6,664.20 balance due when the job was "done." The contract referenced architectural
drawings and provided that any changes to the general duct plan or scope of work would be
subject to additional labor charges and invoicing. 
Plaintiff's principal, Scott Halfmann, testified that, in the autumn of 2019, work other
contractors had performed had impeded plaintiff's access to portions of the premises,
necessitating a change order to which defendant had verbally consented. Plaintiff installed all the
[*2]duct work for the premises, as well as the furnace and
air-conditioning coil for the system, zoning controls, some drain work for the air-conditioning
unit, and wiring for the thermostats. In the spring of 2020, after plaintiff had completed a
substantial portion of its work, defendant provided plaintiff with a revised building plan for the
second floor of the premises. Halfmann asserted that the revision of plaintiff's prior work to
accommodate the new plan would have required a "massive" amount of work. Halfmann
demanded that defendant make a partial payment of the outstanding balance, which defendant
refused to do. Defendant barred plaintiff from the work site, but plaintiff nevertheless returned to
remove a number of items which it had not yet installed but for which it had already invoiced
defendant. In July 2020, plaintiff invoiced defendant $1,200 for the autumn 2019 change
order.
Defendant agreed that plaintiff had performed a substantial portion of its work under the
contract, but asserted that the work had not been completed, and that she had hired another
contractor to complete plaintiff's work and to rectify certain unsatisfactory workmanship. She
also, in effect, sought an offset to cover the costs of materials that plaintiff had removed from the
job site.
The City Court found that plaintiff had completed a substantial part of the contract, and
awarded the principal sum of $6,440 to plaintiff on that basis. Defendant appeals.
In reviewing a determination made after a nonjury trial, the power of this court is as broad as
that of the trial court, and we may render the judgment which we find is warranted by the facts,
bearing in mind that the determination of a trier of fact as to issues of credibility is given
substantial deference, as a trial court's opportunity to observe and evaluate the testimony and
demeanor of the witnesses affords it a better perspective from which to assess their credibility
(see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492,
499 [1983]; see also Baba-Ali v State of
New York, 19 NY3d 627, 640 [2012]; Onekey, LLC v Byron Place Assoc., LLC, 200 AD3d 896, 897-898
[2021]; Lyakhovetskaya v Kallen,
61 Misc 3d 132[A], 2018 NY Slip Op 51452[U] [App Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2018]). 
The evidence was sufficient to support the City Court's conclusion that defendant had
breached the parties' contract by preventing plaintiff from completing its performance (see
Onekey, LLC v Byron Place Assoc., LLC, 200 AD3dat 899; see also Roos v King Constr., 179
AD3d 857, 859 [2020]). However, damages in a breach of contract action are intended to
place the plaintiff in the same position it would have been in absent a breach (see Onekey,
LLC v Byron Place Assoc., LLC, 200 AD3d at 899; Chen v Wen Fang Wang, 177 AD3d 694, 695 [2019]; R &
I Elecs. v Neuman, 66 AD2d 836, 837 [1978]). The evidence supported the City Court's
finding that there had been substantial, but not full, performance before defendant terminated the
contract. Where, as here, a recovery is sought under the doctrine of substantial performance, the
plaintiff bears the burden of proving the cost of completing any omitted performance and
correcting any defective performance (see Pilgrim Homes & Garages v Fiore, 75
AD2d 846, 847 [1980]; see also Spence v Ham, 163 NY 220 [1900]; Maloney Carpentry, Inc. v Budnick, 19
AD3d 378, 379 [2005]; Sim v Z.Z.
Constr., 50 Misc 3d 138[A], 2016 NY Slip Op 50138[U] [*3][App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]).
Plaintiff failed to provide any such proof at the trial. We thus conclude that a new trial is
required, limited to the issue of damages, at which plaintiff will bear the burden of proving the
amount of damages to which it is entitled.
Accordingly, the judgment is reversed and the matter is remitted to the City Court for a new
trial limited to the issue of damages.
DRISCOLL, J.P., VOUTSINAS and WARHIT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 28, 2022