Daqiang, Inc. v Vukcaj (2024 NY Slip Op 51186(U))

[*1]

Daqiang, Inc. v Vukcaj

2024 NY Slip Op 51186(U)

Decided on August 13, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 13, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JAMES P. McCORMACK, GRETCHEN WALSH, JJ

2022-904 W C

Daqiang, Inc., Respondent,
against
Pjerind Vukcaj, Appellant. 

Pjerind Vukcaj, appellant pro se.
Daqiang, Inc., respondent pro se (no brief filed).

Appeal from a judgment of the City Court of Peekskill, Westchester County (Melissa A. Loehr, J.), entered March 14, 2018. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $4,800.

ORDERED that the judgment is reversed, without costs, and the matter is remitted to the City Court for a new trial limited to the issue of damages. 
Plaintiff commenced this commercial claims action to recover the principal sum of $4,800 as the unpaid balance due on a construction contract for the installation of "awnings, railing, metal step." At a nonjury trial, plaintiff's witness testified that plaintiff started defendant's work in June 2017 and completed the work in July 2017. During this time, defendant made two payments to plaintiff, and it is uncontroverted that, pursuant to the contract, a $4,800 outstanding balance remains. Defendant testified that the work had not been completed and that holes and leaks in the awning needed to be repaired. Plaintiff's witness admitted that the awning needed repairs, but stated that plaintiff would not make any repairs until defendant paid the outstanding balance. The City Court awarded plaintiff $4,800 and informed defendant that he could commence an action against plaintiff if plaintiff failed to complete the repairs, or did not [*2]complete the repairs to defendant's satisfaction.
In this action for breach of a construction contract, plaintiff sought recovery under a theory of full performance, arguing that it had completed the work and, therefore, was entitled to recover the $4,800 unpaid balance due under the contract. While defendant appears to have had no issue with respect to the metal step and railing plaintiff constructed or installed, plaintiff admitted that the awning it installed needed repairs. Consequently, we find that plaintiff only substantially performed this contract. "[I]n the area of construction contracts it is well established that substantial performance will support recovery of the contract price less appropriate allowances for the cost of completing omissions and correcting defects" (Pilgrim Homes & Garages v Fiore, 75 AD2d 846, 846 [1980]). As plaintiff only substantially performed the contract, the City Court's award of the full outstanding contract balance, without any deduction for the items not fully performed or performed defectively, failed to render substantial justice between the parties according to the rules and principles of substantive law (see UCCA 1804, 1807).
Under the circumstances, we find that a new trial, limited to the issue of damages, is required. We note that the "burden of proof regarding the value of the difference between substantial and full performance lies with plaintiff. . . . If defendant[] want[s] a larger offset it is [he] who must produce evidence to that effect" (Jerry B. Wilson Roofing & Painting v JobcopKelly Assoc., 151 AD2d 896, 896-897 [1989] [citation omitted]; see Pilgrim Homes & Garages v Fiore, 75 AD2d 846; Supercool Co. RHVAC, Inc. v LaSalla, 75 Misc 3d 126[A], 2022 NY Slip Op 50357[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]; Sim v Z.Z. Constr., 50 Misc 3d 138[A], 2016 NY Slip Op 50138[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). 
Accordingly, the judgment is reversed and the matter is remitted to the City Court for a new trial limited to the issue of damages. 
DRISCOLL, J.P., McCORMACK and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 13, 2024