■ MORRIS SHEINWALD, Individually and as Administrator of the Estate of GUSSIE SHEINWALD, Deceased, Respondent, v JOSEPH DOLDO et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Kings County (Adler, J.), entered March 19, 1987, which is in favor of Morris Sheinwald in his capacity as administrator of the estate of Gussie Sheinwald in the principal sum of $20,000, and in favor of Morris Sheinwald in his individual capacity in the principal sum of $25,000, and against them, upon a jury verdict.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding the plaintiff $25,000 in his individual capacity, and a new trial is granted on the issue of the damages to be awarded the plaintiff in his individual capacity only, unless within 30 days after service upon the plaintiff of a copy of this decision and order, together with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to the damages awarded to the plaintiff in his individual capacity to the principal sum of $10,000, and to the entry of an amended judgment accordingly, and as so modified, the judgment is affirmed, without costs or disbursements; in the event that the plaintiff so stipulates, then the

judgment, as so reduced and amended, is affirmed, without costs or disbursements.

While walking on the sidewalk, Gussie Sheinwald was struck by the defendants' automobile as it backed from their driveway. After coming into contact with the automobile, the 82-year-old Mrs. Sheinwald "sank" to the ground. She refused to go in an ambulance to the hospital and was subsequently attended by her own doctor. Within six months she became ill from an unrelated condition and died 11 months after the accident from unrelated factors.

The medical evidence at trial established that Mrs. Sheinwald suffered a lumbosacral sprain and multiple other injuries together with pain in her lower back and restrictions in movement as a result of the accident. Her treating physician testified that her back never returned to normal, her movements were restricted and she suffered pain up to the time she became ill with the complaint from which she died (see, Lopez v Senatore, 65 NY2d 1017, 1020; see also, Mooney v Ovitt, 100 AD2d 702; cf., De Filippo v White, 101 AD2d 801, 802; Hezekiah v Williams, 81 AD2d 261, 266).

In addition, unrefuted testimony by Mrs. Sheinwald's daughter and granddaughter established that she never resumed her preaccident activities. They testified that she could not maintain her daily routine of household activities, was not capable of leaving her home unaided, and had to cease taking care of her husband (see, Liddy v Frome, 85 AD2d 716). Our review of the record reveals that the jury verdict on the issue of "serious injury" is supported by sufficient evidence and is not against the weight of the evidence (see, Licari v Elliott, 57 NY2d 230, 239-240).

However, we find the award in favor of the plaintiff Morris Sheinwald for the loss of services of his wife is excessive to the extent indicated. Kunzeman, J. P., Weinstein, Eiber and Spatt, JJ., concur.