■ EMILIANO GALARZA et al., Appellants, v PACIFIC STEEL BOILER CORP. et al., Defendants, and L & C HEATING, INC., Defendant and Third-Party Plaintiff-Respondent. ACE ATLAS CORP. et al., Third-Party Defendants-Respondents.—In a consolidated action to recover damages for personal injuries, etc., sustained in a boiler explosion, the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Lodato, J.), dated April 9, 1987, as, upon an order of the same court, dated September 15, 1986, granting the motion of Ace Atlas Corp., *inter alia,* to set aside a jury verdict in their favor for failure to make out a prima facie case, dismissed their complaint against Ace Atlas Corp.

Ordered that the judgment is reversed insofar as appealed

from, on the law, and the second and third paragraphs thereof are vacated; and it is further,

Ordered that the order dated September 15, 1986, is modified, on the facts, to provide that the motion of Ace Atlas Corp. is granted only to the extent of setting aside the verdict on the issue of damages awarded to the plaintiff Carmen Galarza and granting a new trial on that issue unless the plaintiff Carmen Galarza shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the damages awarded her to the principal sum of $7,500, and to the entry of judgment accordingly, and is otherwise denied; and it is further,

Ordered that the plaintiff Carmen Galarza's time to file a stipulation in accordance with the order dated September 15, 1986, as so modified, is extended until 30 days after service upon her of a copy of this decision and order, with notice of entry; and it is further,

Ordered that the matter is remitted to the Supreme Court, Kings County, for determination of the motion of the third-party defendant Helmsley Spear, Inc., to set aside the jury verdict finding it at fault in the happening of the accident as against the weight of the evidence.

Ordered that the plaintiffs are awarded one bill of costs.

The plaintiff Emiliano Galarza was severely injured when a boiler he was attempting to restart exploded. The explosion was caused when a small piece of debris became lodged in the boiler's solenoid valve.

The record reveals that approximately one month prior to the accident the defendant Ace Atlas Corp. (hereinafter Ace) replaced the boiler's fuel pump. Expert testimony at trial indicated that good engineering practice requires that when a fuel pump is replaced the repair person should check the fuel lines and strainer to ensure that the oil is feeding properly. Notably, an officer of Ace gave similar testimony. There was no evidence, however, that Ace inspected the system when it replaced the fuel pump. Additionally, the plaintiffs' expert testified that the oil must pass through the strainer before reaching the burner and that a properly assembled strainer would keep any sludge out of the solenoid valve.

Contrary to the trial court's decision we conclude that the evidence was sufficient to support the jury's verdict in favor of the injured plaintiff (see, Nicastro v Park, 113 AD2d 129). The jury could properly conclude that Ace's failure to inspect the strainer "was a substantial cause of the events which pro-

duced the injury" *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315, *rearg denied* 52 NY2d 829; *LaPaglia v Sears Roebuck & Co.,* 143 AD2d 173).

Moreover, the evidence adduced at trial establishes that Ace owed the injured plaintiff a duty of care irrespective of the absence of a maintenance agreement. When proof of a customary practice is coupled with a showing that it was ignored and that this departure was a proximate cause of the accident it may serve to establish liability *(Trimarco v Klein,* 56 NY2d 98, 106; *see also,* 1A Warren, New York Negligence, Actionable Negligence, § 3.13 [3], at 267-268).

Nevertheless, we find, that the jury's award regarding Carmen Galarza's derivative claim was excessive to the extent indicated herein *(see, Sheinwald v Doldo,* 143 AD2d 129; *Knight v Long Is. Coll. Hosp.,* 106 AD2d 371).

The Supreme Court did not determine the motion of Helmsley Spear, Inc. (hereinafter Helmsley), to set aside the verdict finding it at fault in the happening of the accident, reasoning that because it had dismissed the plaintiffs' complaint against Ace, Ace's claim for contribution against Helmsley was academic. Since we have reinstated the verdict on the issue of liability in favor of the plaintiffs and against Ace, it is now necessary to determine Helmsley's motion to set aside the verdict against it. We conclude that Ace's cross claim against Helmsley should not be dismissed merely because it was originally asserted in a third-party action by a third-party defendant who was relieved of liability. The cross claim asserted by Ace against Helmsley specifically stated that if it were held liable to the *plaintiffs* then Helmsley would be responsible therefor in whole or in part and it demanded recovery against Helmsley based on an apportionment of their respective degrees of fault in the happening of the accident. Accordingly, we have remitted the matter to the Supreme Court for a determination of the motion by Helmsley to set aside the verdict as against the weight of the evidence and thereupon for entry of judgment determining Ace's cross claim. Mangano, J. P., Thompson, Brown and Kunzeman, JJ., concur.