■ HEATHER MUNZER, Appellant, v TOWN OF HEMPSTEAD, Respondent. [777 NYS2d 307]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Phelan, J.), entered June 6, 2002, which, upon a jury verdict, is in favor of the defendant and against her, dismissing the complaint.

Ordered that the judgment is reversed, on the law and as a matter of discretion, and a new trial is granted, with costs to abide the event.

We conclude that certain rulings by the trial court were erroneous and therefore reverse the judgment and grant a new trial.

The trial court limited the testimony of the plaintiff's proposed consultant in sports and recreational safety. This was error since "[p]roof of a generally accepted practice, custom or usage within a particular trade or industry is admissible as tending to establish a standard of care, and proof of a departure from that general custom or usage may constitute evidence of

negligence" (*Cruz v New York City Tr. Auth.*, 136 AD2d 196, 199 [1988]; *see Trimarco v Klein*, 56 NY2d 98, 105-107 [1982]; *Bailey v Baker's Air Force Gas Corp.*, 50 AD2d 129, 132 [1975]; Prince, Richardson on Evidence, §§ 4-603, 7-307 [Farrell 11th ed]; 3 Bender, New York Evidence § 7.04; Fisch, New York Evidence § 203 [2d ed]).

The trial court also precluded the plaintiff from eliciting testimony from her medical expert. This was error. The proposed testimony was offered to establish the cause of the plaintiff's injuries.

We also conclude that it was error for the trial court to have limited the plaintiff's examination of various witnesses as to where the accident occurred (*cf. Farrar v Teicholz*, 173 AD2d 674 [1991]).

The plaintiff's remaining contentions are without merit. Prudenti, P.J., Smith, Goldstein and Crane, JJ., concur.