■ Joy Greene, Respondent, v Mosella Simmons et al., Defendants, and Park Avenue Associates, LLC, Appellant. (And a Third-Party Action.) [786 NYS2d 517]—

Order, Supreme Court, Bronx County (Anne E. Targum, J.), entered July 9, 2004, which denied the motion of defendant Park Avenue Associates, LLC (Park Avenue) for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Park Avenue was a maintenance contractor for a codefendant that sold oil and boiler services to another codefendant, the owner of a building where plaintiff and her family lived. Plaintiff's infant decedent fell into a bathtub filled with scalding hot water, sustaining ultimately deadly injuries. Factual issues are raised on this record as to the extent of Park Avenue's obligations to maintain the building's boiler, whether it met its common-law duty toward the residents of that building to use ordinary care (see Galarza v Pacific Steel Boiler Corp., 147 AD2d 527 [1989]), and whether a failure in the discharge of such duty as it had to the building residents was a substantial cause of the accident. The motion court correctly found triable issues based on the affidavit of plaintiff's expert. On the material issue of industry custom and practice (see e.g. Munzer v Town of Hempstead, 8 AD3d 247 [2004]), the expert's affidavit was sufficiently detailed and grounded in relevant experience. Triable questions were raised, as well, by the deposition testimony of Park Avenue's employee, who performed work at the home where plaintiff and her family lived, and who stated that the safety device known as a mixing valve was a part of the boiler, for which Park Avenue was responsible, and was routinely included in every boiler installation that he had seen. Concur—Nardelli, J.P., Andrias, Ellerin, Marlow and Sweeny, JJ.