■ ESTELA DE LOS SANTOS, Respondent, v 4915 BROADWAY REALTY LLC, Appellant. [869 NYS2d 905]—Order, Supreme Court, New York County (Martin Shulman, J.), entered July 11, 2008, which denied defendant's motion for summary judgment dismissing the complaint, affirmed, without costs.

Defendant failed to demonstrate its entitlement to judgment as a matter of law based on the "storm in progress" defense, since the evidence raised an issue of fact as to when the storm ended (*see Calix v New York City Tr. Auth.*, 14 AD3d 583, 584 [2005]). Even if defendant had conclusively established that the storm was still in progress at the time of plaintiff's slip and fall, it would not be entitled to judgment as a matter of law, because the evidence of its employees' snow-removal activities raised an issue of fact whether defendant created or exacerbated the condition that caused the accident (*see Kasem v Price-Rite Off. & Home Furniture*, 21 AD3d 799, 801-802 [2005]). Concur— Tom, J.P., Nardelli and Acosta, JJ.

McGuire and DeGrasse, JJ., dissent in part in a memorandum by DeGrasse, J., as follows: I agree with the majority that Supreme Court properly denied that portion of defendant's motion seeking summary judgment on the ground that the "storm in progress" rule precluded liability. I disagree, however, that a triable issue of fact exists regarding whether defendant created or exacerbated a dangerous condition through its snow removal efforts, and would grant partial summary judgment to defendant on that issue.

In support of its motion for summary judgment, defendant submitted the deposition testimony of both plaintiff and the superintendent of the building. Plaintiff testified that she slipped on the second step of an exterior staircase as she exited the building. She also testified that the stairs were covered with snow, which was ankle-deep. Plaintiff stated that she slipped on ice below the snow, but did not see any ice and later stated that she "slipped on something that felt almost like soap." The superintendent testified that he and the doorman shoveled snow and spread salt on the stairs late in the evening until approximately 1:00 A.M. in the morning on the night of the storm, and that he later spread salt on the stairs at 6:30 A.M. Plaintiff's accident occurred later that morning, between 8:00 A.M. and 8:30 A.M.

The deposition testimony of plaintiff and the superintendent demonstrated that defendant merely shoveled and salted the stairs in an effort to clear them of snow, and this constituted a prima facie showing that defendant neither created nor exacerbated a hazardous condition through its snow removal efforts (*cf. Santiago v New York City Hous. Auth.*, 274 AD2d 335 [2000] [snow piled on both sides of pathway melted, refroze and formed icy condition]; *Rector v City of New York*, 259 AD2d 319 [1999] [preexisting ice exposed as a result of defendant's snow-clearing efforts]). In opposition, plaintiff submitted the affirmation of

her counsel and a black and white photograph of the staircase that does not depict the condition of the stairs on the day of the accident. Plaintiff's claim that defendant's snow removal efforts made the condition of the sidewalk more hazardous is unsupported by any evidence, consists only of rank speculation, and is thus insufficient to defeat defendant's entitlement to partial summary judgment (*see Fung v Japan Airlines Co., Ltd.*, 51 AD3d 861 [2008]; *Williams v KJAEL Corp.*, 40 AD3d 985 [2007]; *Zabbia v Westwood, LLC*, 18 AD3d 542 [2005]; *Nadel v Cucinella*, 299 AD2d 250 [2002]; *Yen Hsia v City of New York*, 295 AD2d 565 [2002]; *see also Bonfrisco v Marlib Corp.*, 30 AD2d 655 [1968], *affd* 24 NY2d 817 [1969]).

Accordingly, partial summary judgment should be granted to defendant dismissing the claim that it created or exacerbated a hazardous condition (*see Janos v Peck*, 21 AD2d 529, 531 [1964], *affd* 15 NY2d 509 [1964] ["the partial summary judgment procedure affords the opportunity of promptly settling issues which can be disposed of as a matter of law, and furthermore, furnishes a means for the withdrawing from the case of sham and feigned issues of fact and of law which might have a tendency to confuse and complicate the trial"]). [*See* 2008 NY Slip Op 31951(U).]