■ JOHN GLEESON, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [905 NYS2d 26]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered July 20, 2009, which granted defendant's summary judgment motion dismissing the complaint, unanimously affirmed, without costs.

Defendant met its prima facie burden of establishing its entitlement to summary judgment with evidence that there was a storm in progress at the time of the accident. Plaintiff's argument that the weather report submitted by defendant was inadmissible is improperly raised for the first time on appeal (*see Mayblum v Schwarzbaum*, 253 AD2d 380 [1998]). In any event, defendant's employee's testimony that it was snowing at the time of the accident was sufficient to establish defendant's prima facie case.

In opposition, plaintiff failed to raise an issue of fact. It is undisputed that it had snowed on the date of the accident. While there is conflicting testimony with respect to whether it was snowing at the specific time of plaintiff's accident, plaintiff offered no evidence as to the elapsed time between cessation of the storm and his accident. Accordingly, he did not raise an issue of fact as to whether defendant had a reasonable time to

remove the snow (*see Barresi v Putnam Hosp. Ctr.*, 71 AD3d 811 [2010]; *see also Karanikas v New York City Tr. Auth.*, 33 AD3d 451 [2006]; *Valentine v City of New York*, 86 AD2d 381, 383-384 [1982], *affd* 57 NY2d 932 [1982]).

The record shows that defendant's employee was in the process of removing snow and ice and salting the steps when the accident occurred. There is simply no evidence that by removing the snow and applying salt, defendant exacerbated the condition (*cf. De Los Santos v 4915 Broadway Realty LLC*, 58 AD3d 465 [2009]). Indeed, plaintiff testified that part of the steps had been shoveled and salted. The fact that he did not see any salt on the step after he fell is insufficient to impose liability (*Joseph v Pitkin Carpet, Inc.*, 44 AD3d 462, 463 [2007]), particularly since plaintiff testified that there was salt on his jacket after he fell. Concur—Tom, J.P., Friedman, McGuire, Acosta and Román, JJ.