■ EDWARD GOLD, Appellant, v 35 EAST ASSOCIATES LLC, Respondent, et al., Defendant. [24 NYS3d 622]—

Judgment, Supreme Court, New York County (Manuel J. Mendez, J.), entered July 2, 2014, dismissing the complaint, pursuant to an order, same court and Justice, entered June 13, 2014, which had granted defendant 35 East Associates LLC's motion for summary judgment dismissing the complaint against it, unanimously modified, on the law, to reinstate defendant's common-law negligence claim regarding the absence of a handrail, and otherwise affirmed, without costs. Appeal from the order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The motion court correctly dismissed the negligence claim regarding a foreign substance on the stairs where plaintiff fell. Defendant made a prima facie showing of its entitlement to summary judgment on that claim by submitting plaintiff's and his friends' deposition testimony that they did not see anything on the steps before, and did not know what caused, the fall (*see Reed v Piran Realty Corp.*, 30 AD3d 319, 320 [1st Dept 2006], *lv denied* 8 NY3d 801 [2007]). In opposition, plaintiff failed to raise a triable issue of fact. While he relies on his testimony and affidavit stating that a black sticky substance caused the accident, his admission that he first noticed the substance weeks after the accident renders such proof speculative as to the existence of the substance at the time of the accident (*see Rudner v New York Presbyt. Hosp.*, 42 AD3d 357, 358 [1st Dept 2007]), and as to causation (*Taub v Art Students League of N.Y.*, 39 AD3d 259, 260 [1st Dept 2007]).

As to the claim regarding the absence of a handrail, whether or not defendant made a prima facie showing, plaintiff raised a triable issue of fact by submitting his expert's nonconclusory affidavit stating that the absence of a handrail on the right side of the stairway was a dangerous departure from good and accepted safety practices in the industry (*see Greene v Simmons*, 13 AD3d 266, 266 [1st Dept 2004]). Further, the expert's opinion, along with deposition testimony that plaintiff had tried to reach out to grab something when he fell, raised a triable issue of fact as to whether the absence of a handrail was a

proximate cause of plaintiff's injuries (*see Alvia v Mutual Redevelopment Houses, Inc.*, 56 AD3d 311, 312 [1st Dept 2008]; *Lievano v Browning School*, 265 AD2d 233, 233 [1st Dept 1999]). Concur—Mazzarelli, J.P., Moskowitz, Richter and Gische, JJ.