■ VICTOR LEE, Respondent-Appellant, v ALMA REALTY CORP. et al., Appellants-Respondents. [44 NYS3d 440]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about April 6, 2016, which, to the extent appealed from, granted defendants' motion for summary judgment dismissing the complaint insofar as it alleges a claim that defendants negligently failed to install a handrail on the stairs where plaintiff fell, and denied the motion insofar as based on lack of constructive notice of the alleged slippery condition, unanimously reversed, on the law, without costs, the motion denied as to the handrail claim, and the motion granted insofar as based on defendants' lack of constructive notice.

Defendants established their prima facie entitlement to summary judgment by demonstrating that it had rained shortly before or at the time of plaintiff's accident and continued shortly afterward, that they did not have constructive notice of the wet condition, as defendants' porter averred that he had inspected the stairs 15 minutes prior to plaintiff's fall and did not observe any wet condition, and they had no complaints of wetness prior to plaintiff's fall. Moreover, defendants had a doormat in the vestibule to permit people to wipe their feet as they entered (see *Amsel v New York Convention Ctr. Operating Corp.*, 60 AD3d 534, 535 [1st Dept 2009], *lv denied* 13 NY3d 710 [2009]; *Garcia v Delgado Travel Agency*, 4 AD3d 204 [1st Dept 2004]). In opposition, plaintiff did not submit any evidence as to the time elapsed between the cessation of the rain and his accident, and thus failed to raise an issue of fact as to whether defendants had a reasonable amount of time to remedy the wet condition (see *Gleeson v New York City Tr. Auth.*, 74 AD3d 616 [1st Dept 2010]).

The court, however, improperly dismissed plaintiff's claim that defendants failed to install handrails on the subject staircase. The stairs which led to the door providing egress from the building to the outside were interior stairs requiring handrails (Administrative Code of City of NY §§ 27-232, 27-375; *Cusumano v City of New York*, 15 NY3d 319, 323 [2010]). Plaintiff raised an issue of fact as to whether the absence of handrails was a proximate cause of his fall by submitting his expert's affidavit stating that the absence of handrails was a dangerous departure from accepted standards and the applicable building code (see *Gold v 35 E. Assoc. LLC*, 136 AD3d 453, 453 [1st Dept 2016]; *Alvia v Mutual Redevelopment Houses, Inc.*, 56 AD3d 311, 312 [1st Dept 2008]). Concur—Tom, J.P., Richter, Saxe, Gische and Gesmer, JJ.