Pezzello v Pierre Congress Apts., LLC (2019 NY Slip Op 00823)





Pezzello v Pierre Congress Apts., LLC


2019 NY Slip Op 00823


Decided on February 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2019

Friedman, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


8221 160023/14

[*1]Diana Pezzello, Plaintiff-Appellant,
v
Pierre Congress Apartments, LLC, Defendant-Respondent, Urban Associates, LLC, Defendant.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Greater New York Insurance Company Office of General Counsel, New York (Michael Fleming of counsel), for respondent.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered August 16, 2017, which granted defendant Pierre Congress Apartments, LLC's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant established prima facie that the condition of the steps on which plaintiff allegedly slipped and fell, a gradual and shallow depression of the surface toward the center of each step resulting from normal wear and tear, was a trivial and therefore nonactionable defect (see Trincere v County of Suffolk, 90 NY2d 976 [1997]; Cintron v New York City Tr. Auth., 77 AD3d 410, 411-412 [1st Dept 2010]; Santiago v United Artists Communications, 263 AD2d 407 [1st Dept 1999]). In opposition, plaintiff failed to raise an issue of fact as to the trivial nature of defeat. Plaintiff concedes that the handrails do not violate any code provisions, relying instead on a claim of common-law negligence that the stairs were hazardous. Although on this appeal defendant does not contest whether the condition was hazardous, it contends that plaintiff failed to establish causation. Plaintiff's testimony that she was holding the right side handrail at the moment of her fall, while stepping down from the fourth to the third step demonstrates that the absence of a handrail did not proximately cause her accident (see Luna v CEC Entertainment, Inc., 159 AD3d 445 [1st Dept 2018]). At no time did she testify that she tried to reach for a handrail to break her fall and that there was none (compare Gold v 35 East Assoc. LLC, 136 AD3d 453 [1st Dept 2016]). Plaintiff's testimony that she told a triage nurse that "there was nothing for me to grab onto" does not create any issue of fact, especially in view of her factually irreconcilable direct testimony about the mechanics of the fall.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 5, 2019
CLERK