Tracy v 29-33 Convent Ave. Hous. Dev. Fund Corp. (2020 NY Slip Op 00557)





Tracy v 29-33 Convent Ave. Hous. Dev. Fund Corp.


2020 NY Slip Op 00557


Decided on January 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2020

Gische, J.P., Kapnick, Webber, Moulton, JJ.


11002 304532/15

[*1] Kendall Tracy, Plaintiff-Respondent,
v
29-33 Convent Avenue Housing Development Fund Corporation, et al., Appellants.


Law Office of Brian Rayhill, Elmsford (Renaud T. Bleecker of counsel), for 29-33 Convent Avenue Housing Development Fund Corporation and Midas Management Assoc., Inc, appellants.
Hoffman Roth & Matlin, LLP, New York (Joshua R. Hoffman of counsel), for 33 Convent Laundromat, Inc., appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.



Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about April 12, 2019, which, inter alia, in this action for personal injuries sustained when plaintiff slipped and fell on the sidewalk, denied defendants' motions for summary judgment dismissing the complaint and cross claims against them, unanimously affirmed, without costs.
Defendants' submission of climatological records and the affidavit of a meteorologist were not sufficient to conclusively establish that a winter storm was in progress at the time of the accident (see De Los Santos v 4915 Broadway Realty LLC, 58 AD3d 465 [1st Dept 2009]). There was no precipitation falling at the time that plaintiff fell, and defendants have not established that there were more than trace amounts of snow falling in the several hours leading up to the fall (id.; Powell v MLG Hillside Assoc., 290 AD2d 345, 346 [1st Dept 2002]). Defendants also failed to show that plaintiff's fall was not caused by preexisting ice, which plaintiff observed at the accident location two days before he fell (see Perez v Raymours Furniture Co., Inc., 173 AD3d 597 [1st Dept 2019]).
Factual issues also remain surrounding the cross claims asserted by defendants 29-33 Convent Avenue Housing Development Fund Corporation and Midas Management Assoc., Inc. against defendant laundromat, a commercial tenant, which preclude resolution by summary judgment. While Express claims that Convent and Midas, as owner and managing agent, had the duty to maintain the sidewalk, the lease contained a snow removal provision and employees of both Convent and Express engaged in snow removal efforts in the area. Nor is Midas entitled to summary judgment on its claim that it was not in control of the premises, as there remain factual [*2]issues surrounding its duties as the building's managing agent.
We have considered defendants' remaining contentions, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 28, 2020
CLERK